[No. 10,628.—Department Two.]

## PEOPLE v. EUGENE DALTON.

VIOLATING SEPULTURE—INDICTMENT—DEMURRER.—An indictment accused
the defendant of the crime of "Violating sepulture, committed as fol-
lows: The said Eugene Dalton, on the 8th day of July, 1879, at the City
and County of San Francisco, without authority of law, disinterred and
removed from its place of sepulture, at Laurel Hill Cemetery, in said
city and county, the dead body of E. L., a human being, the said dead
body not being the dead body of a friend or relative of the said Eugene
Dalton, removed for disinterment," etc.

*Held*, that the indictment sufficiently designated and described the offense,
and that a demurrer thereto was improperly sustained.

APPEAL from a judgment in the Superior Court, City and
County of San Francisco. FREELON, J.

*A. L. Hart*, Attorney-General, and *D. L. Smoot*, District-
Attorney, for the City and County of San Francisco, for Ap-
pellant.

*W. A. Nygh*, for Respondent.

The COURT:

The indictment accuses the defendant of the crime of
"Violating Sepulture, committed as follows: The said Eugene
Dalton, on the 8th day of July, A. D. 1879, at the said City
and County of San Francisco, without authority of law, dis-
interred and removed from his place of sepulture, at Laurel
Hill Cemetery, in said City and County of San Francisco, the
dead body of the late Elias Lipsis, a human being, the said
dead body not being the dead body of a relative or friend of
the said Eugene Dalton removed for re-interment, contrary to
the form, force and effect of the statute," etc. Defendant
demurred.

Chapter six of title nine of part one of the Penal Code is
headed—"Violating Sepulture and the Remains of the Dead."

Section 290 of the Penal Code—being the first section of
the chapter—reads: "Every person who mutilates, disinters,
or removes from the place of sepulture the dead body of a
human being, without authority of law, is guilty of a felony.
But the provisions of this section do not apply to any per-

son who removes the dead body of a relative or friend for re-interment."

The act of April 1, 1878 (Stats. 1877–78, 1050), provides for a different offense. It is entitled, "An act to protect the public health from infection caused by exhumation and removal of the remains of deceased persons." It makes it a misdemeanor to disinter or exhume the body or remains of any deceased person, unless a "permit shall first be obtained from the Board of Health, Health Officer, Mayor, or other head of the municipal government." It applies as well to the relatives or friends of the deceased as to all other persons.

If it should appear at the trial that defendant was a "relative or friend" of the deceased, Elias Lipsis, authorized by law to remove his remains, he can not be found guilty of the offense last described, since the indictment fails to negative the fact that a permit may have been obtained. But the act of April 1st, 1878, does not repeal § 290 of the Penal Code. The act and the section of the code are to be read together. It was not the purpose of the former to authorize *any* person to disinter or remove a dead body, provided he should be able to satisfy the Mayor or Board of Health that it could be done without danger to the health of the living.

The question then is whether the indictment is sufficient to charge the felony described in § 290 of the Penal Code. Before the amendments of 1880, that code provided:

Section 950. "The indictment must contain: * * * 2. A statement of the acts constituting the offense, in ordinary and concise language," etc.

Section 951. "It may be substantially in the following form:

"The people of the State of California against A. B., in the County Court of the County of ——, at its —— term, A. D. eighteen ——:

"A. B. is accused by the Grand Jury of the County of ——, by this indictment, of the crime of (giving its legal appellation, such as murder, arson, or the like, or designating it as a felony or misdemeanor), committed as follows: The said A. B., on the —— day of ——, A. D. eighteen ——, at the County of —— (here set forth the act or omission charged as an offense)."

Section 958. "Words used in a statute to define a public

offense need not be strictly pursued in the indictment; but other words conveying the same meaning may be used."

Section 959. "The indictment is sufficient if it can be understood therefrom * * * : 6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended; 7. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the Court to pronounce judgment upon a conviction, according to the right of the case."

Section 960. "No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

In the indictment before us the "legal appellation" of the offense is given—"Violating Sepulture." Such is the appellation given to the offense described in the indictment by the code itself. The act charged as the offense is set forth in ordinary and concise language, in such manner as to enable a person of "common understanding" to know what is intended, and to enable the Court "to pronounce judgment upon a conviction according to the right of the case." The defendant is distinctly accused of having "disinterred and removed" the dead body of a human being without authority of law, and it is charged in effect that defendant was not a relative or friend of the deceased who removed the body for re-interment.

This is in substance, and almost in exact words, the felony defined by the statute, and is sufficient. (*People* v. *Garcia*, 25 Cal. 533; *People* v. *Girr*, 53 id. 629; *People* v. *War*, 20 id. 119; *People* v. *Phipps*, 39 id. 326.)

Judgment reversed and cause remanded, with direction to the Court below to disallow and overrule the defendant's demurrer to the indictment.