## STATE *v.* JOSEPH E. CROOK.

INFORMATION—ORDER HOLDING TO BAIL—EXAMINING MAGISTRATE —ABORTION—MISCARRIAGE—INSTRUCTIONS TO THE JURY—PLEA OF FORMER ACQUITTAL.

1. Section 4507, Comp. Laws Utah 1888, is found in a statute under the title of "Abortions," and section 5046, Comp. Laws Utah 1888, provides that upon trial for attempting to procure an abortion the defendant cannot be convicted on the testimony of the woman, unless corroborated. The terms "procuring a miscarriage" and "procuring an abortion" mean, in common language and under the statute, substantially the same thing in characterizing the crime; but, in charging the criminal act of destroying the fœtus at any time before birth, it is necessary to charge the offense named in the statute which declares the act a crime.

In a complaint charging the defendant with procuring a miscarriage, the order of the justice upon his docket of proceedings, a certified copy of which is filed with the clerk of the district court, certifying that, "it appearing to me that the offense as charged in the complaint has been committed, and that there is sufficient cause to believe the defendant guilty thereof, I order that he be held to answer the same, and I have admitted him to bail," etc., is a sufficient return to designate the crime, for which an information may be filed, although the justice also returned the complaint to the court with the endorsement: "It appearing to me that the offense of procuring an abortion has been committed, and that there is sufficient cause to believe the defendant guilty thereof, I order that he be held to answer the same." When the order was endorsed upon the complaint that specifically charged the procuring of a miscarriage, especially when taken with the first certified order, it ought not to mislead the court as to the character of the offense for which the defendant was held, or confound the defendant in his defense.

Section 4886, Comp. Laws Utah 1888, requiring the justice to indorse on the deposition and order, etc., is directory, and is sufficiently complied with when the order specifying the offense for which the accused is held is entered upon the magistrate's docket, and certified to the court.

Informations are governed and tested, in the respect named in the statute, by the same rules of pleading as are provided for indictments.

**2.** *Order Holding to Bail—Plea of Former Acquittal.*

Where an information was filed against the accused for procuring a miscarriage, and a demurrer thereto was sustained, and the court made no order requiring the case to be submitted to another grand jury, or that another information be filed, but ordered the accused discharged, whereupon another examination was had and another information was filed against the accused for the same offense, to which he interposed a plea of former acquittal, *held,* that the plea, being sustained, was a bar to another prosecution for the same offense, and that the court should so have instructed the jury.

(No. 880. Decided Feb. 3, 1898.)

Appeal from the Fourth district court, Utah county. W. N. Dusenberry, *Judge.*

Joseph E. Crook was indicted for attempting to procure an abortion. His plea of former acquittal was overruled, and he appeals. *Reversed.*

*S. K. King* and *Rawlins, Thurman, Hurd & Wedgwood,* for appellant

*A. C. Bishop, Atty. Gen.,* and *Benner X. Smith,* for the State.

MINER, J.:

In this case the record discloses that on the 21st day of September, 1896, complaint in writing was filed, on the oath of Alexander Wilkins, before Charles De Moisey, justice of the peace of Provo precinct, Utah county, Utah,

alleging that Joseph E. Crook, on the 19th day of June, 1896, at Payson precinct, Utah county, state of Utah, unlawfully and willfully supplying, providing, and administering to one Rachel Davis, a pregnant woman, a certain drug, medicine, and substance, to wit, fluid extract of ergot, and did then and there procure said Rachel Davis to take said medicine, drug, and substance, and did then and there use and employ, and procure and counsel, her, the said Rachel Davis, to use and employ upon her person a certain instrument, to wit, a catheter, with intent then and thereby to procure a miscarriage of her, the said Rachel Davis, and deliver her of the said child whereof she was pregnant as aforesaid, the same not being necessary to preserve the life of her, the said Rachel Davis. An examination was had, and witnesses were sworn on behalf of the people. The defendant offered no evidence upon the examination. At the close of the case the justice made the following docket entry, signed by him: " It appearing to me that the offense as charged in the complaint has been committed, and that there is sufficient cause to believe the defendant guilty thereof, I order that he be held to answer the same, and I have admitted him to bail in the sum of $800 on the undertaking filed herein." The foregoing transcript of the justice's docket was filed in the district court. The papers in the case were also filed. On the back of the complaint was the following order: " It appearing to me that the offense of procuring an abortion has been committed, and there is sufficient cause to believe the defendant, Joseph E. Crook, guilty thereof, I order that he be held to answer the same, and I have admitted him to bail on the undertaking hereunto annexed." On the 5th day of October, 1896, the county attorney of Utah county filed an information reciting that the defendant, having been duly bound over by Charles De Moisey, a

committing magistrate of Utah county, to answer to this charge, did on 19th day of June, 1896, at the county of Utah, state of Utah, commit a felony, by then and there unlawfully, willfully, and feloniously supplying to one Rachel Davis, she, the said Rachel Davis, being then and there a woman pregnant with child, a certain drug, to wit, fluid extract of ergot, with intent thereby then and there to procure the miscarriage of her, the said Rachel Davis, and deliver her of the said child whereof she was pregnant as aforesaid, the same not being necessary to preserve the life of her, the said Rachel Davis. On the 16th day of October, 1896, the defendant filed his demurrer to this information, upon the ground that the facts shown therein did not constitute a public offense, and that it did not conform to the requirements of sections 150 and 151 of the Code of Criminal Procedure of Utah. Upon this demurrer the court made the following order: "State of Utah v. Joseph E. Crook. In this cause defendant's demurrer to information filed herein came on to be heard. After hearing the arguments of counsel for the respective parties hereto, the court, being advised, renders its conclusions of law and sustained the demurrer. Further ordered that the defendant be, and he is hereby, discharged. A. C. Hatch, Judge." On the 29th day of June, 1897, an information, on which the defendant was tried and convicted, was filed, reciting the examination and committal, of the defendant by J. E. Page, a committing magistrate. This information charges the defendant with administering a drug, and causing the use of a catheter, on the same day and in the same manner as charged in the previous information filed, with the intent then and there to procure a miscarriage on the said Rachel Davis. The witnesses sworn on this examination, the names of whom were indorsed on the information, were the same as those indorsed and sworn on the prior

information. The defendant in due time entered his plea of former acquittal to this information, alleging, in specific terms, that he had previously been charged by information with the same identical felony and offense as is charged in this information; that his demurrer to said prior information for the same offense had been sustained by the court, and final judgment entered thereon; and that he had been acquitted and discharged by the court of and from said crime and charge. Without waiving said plea, defendant pleaded not guilty. Upon the trial it appears that this information charged the same crime and offense, between the same parties, at the same time and place, as that charged in the former information for which the court had ordered the defendant discharged, without directing that he be held to answer another information or that the cause be submitted to the grand jury.

Section 4507, Comp. Laws Utah 1888, is found in the statute under title of " Abortions." Under section 23, art. 6, of the constitution, the subject of a law should be clearly expressed under its title. The statute referred to reads as follows: " Every person who provides, supplies or administers to any pregnant woman, or procures any such woman to take any medicine, drug, or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable," etc. Section 5046, Comp. Laws Utah 1888, provides that upon a trial for procuring, or attempting to procure, an abortion, etc., the defendant cannot be convicted on the testimony of the woman, unless corroborated. The legislature enacted section 4507, and entitled it " Abortions." It enacted section 5046, and provided that, upon trial for attempting to procure an abortion, certain evidence was necessary. Webster defines " abortion " to be

the act of giving premature birth; particularly the expulsion of the human fœtus prematurely, or before it is capable of sustaining life; miscarriage. The same author defines "miscarriage" as the act of bringing forth before the time; premature birth. As generally used and understood in common language, the "procuring of an abortion" means substantially the same as "procuring a miscarriage." Our statutes, when construed together, recognize these terms as having practically the same meaning in characterizing the crime, but the criminal act of destroying the fœtus at any time before birth is usually termed in law procuring a miscarriage. In charging the offense in an indictment or information, it is necessary to charge the offense named in the statute. The charge contained in the complaint and in the information to which the demurrer was sustained was within the terms of the statute.

The examining magistrate made and entered in his docket containing the complaint and proceedings, a transcript of which was filed with the court, the following order: "It appearing to me that the offense as charged in the complaint has been committed, and that there is sufficient cause to believe the defendant guilty thereof, I order that he be held to answer the same." This return was clearly sufficient to designate the crime for which the defendant was held. In another return on the back of the complaint the justice certified: "It appearing to me that the offense of procuring an abortion has been committed, and that there is sufficient cause to believe the defendant guilty thereof, I order that he be held to answer the same." This certificate, when indorsed upon the complaint filed that specifically charges the procuring of a miscarriage, especially when taken together with the first return, ought not to mislead the court or confound the defendant in his

defense.   It is held in *People* v. *Phillips,* 39 Cal. 326, that
although the indictment gives an erroneous appellation,
or fails to give any appellation, to the offense, if the acts
constituting the offense, as defined by the statute, are
sufficiently stated, the requirements of the statute in that
respect are sufficiently answered.   *People* v. *Cuddihi,* 54
Cal. 54; *People* v. *Dalton,* 58 Cal. 228.

In *State* v. *Clark,* 35 Pac. 710, it is held that an order of
commitment made in writing, and entered in the docket of
the committing magistrate, is valid, although not indorsed
on the depositions taken at the former examination, as
directed by the statute.   In *People* v. *Wilson,* 93 Cal. 377, a
statute like that of Utah was held directory, and that the
order holding the defendant for trial was effective, if en
tered upon the docket of the justice.   1 Bish. Cr. Proc. §
416.   In *People* v. *Tarbox* (Cal.), 46 Pac. 796, under the same
statute, it is held that the order holding to answer must be
in writing, and, when the order is actually made and en-
tered upon the docket of the justice, no other action is
necessary on his part to authorize the district attorney
to file an information against the defendant for the offense
named in the order.   Section 4976, Comp. Laws Utah 1888,
reads as follows:   " If the demurrer is allowed, the judg-
ment is final, upon the indictment demurred to, and is a
bar to another prosecution for the same offense, unless the
court being of the opinion that the objection on which the
demurrer is allowed may be avoided in a new indictment,
directs the case to be resubmitted to the same or to another
jury."   Section 1008 of the Penal Code of California is the
same as section 4976 of the Utah Statutes.   Informations
are governed and tested, in certain respects named in the
statute, by the same rules of pleading as are provided for
in indictments.   Sess. Laws 1896, p. 98.

The defendant's plea of former acquittal of the same

offense charged in the information, by the judgment of the court sustaining the demurrer, and ordering the defendant discharged, without making an order directing another information to be filed, or that the cause be submitted to the grand jury, was, under the facts shown a sufficient plea of former acquittal, and a bar to a prosecution under the third information filed. The information to which the demurrer was sustained and the information upon which the defendant was tried stated the same identical offense. The identity of the parties was admitted. We are of the opinion that the instruction of the court to the jury, to the effect that the judgment of the court in sustaining the demurrer to the second information and discharging the defendant thereon, without an order directing another information to be filed, would not amount to an acquittal of the defendant on that information, and that the jury should so find, was error. In the case of *People* v. *Jordan,* 63 Cal. 219, the defendant filed a demurrer to an information, and the court intimated, without deciding, that he would sustain the demurrer. The prosecution then filed another information, after which the court sustained the demurrer to the first, but made no order directing another information to be filed. The defendant then moved to dismiss the second information, and the motion was granted. The second information was for the same offense as the first. The people appealed to the supreme court. *Held*: " We think the action of the court below as to the second information was correct. It makes no difference that the second information was filed before the judgment upon the demurrer. When the judgment on the demurrer was rendered, there being no direction for a new information or resubmission, it became and was a bar to another prosecution for the same offense. The legislature seems, in the section referred to, to have made a second prosecution, in

a case of demurrer sustained, depend upon the judicial opinion of the court that the objection raised by the demurrer may be avoided in a new information, and, in the absence of such an opinion, the prosecution for that offense is at an end." In the case of *Ex parte Williams* (Cal.), 48 Pac. 499, the defendant's demurrer to an information was sustained, " with leave to the district attorney to file a new. information." A new information was filed for the same offense, and the defendant applied for his discharge on a writ of habeas corpus. The court discharged the defendant, and held that the trial court had no right to delegate to the county attorney the option of filing another information. The statute was held to impose a duty upon the court to order a new information to be filed, or directing the cause to be resubmitted to the grand jury, if in his judgment it was proper, and that the duty of making the order devolved upon the court, and could not be delegated, in the absence of a direct order from the court. It was held that the prosecution was at an end, and that the discharge under the order made was a bar to further prosecution.

We are of the opinion that the order of the justice as entered upon his docket, with the proceedings attending the examination as certified and filed with the court, holding the defendant for the crime charged in the complaint, was a sufficient order upon which the information could be filed, and that the court erred in failing to so instruct the jury, and in failing to give any instructions on that subject, and in instructing the jury that, if the committing magistrate did not bind the defendant over for the offense for which he was then on trial, but bound him over for the offense of procuring an abortion, which binding over was evidenced as shown by the indorsement of the committing magistrate on the complaint filed (wherein

the defendant was held for procuring an abortion), and that an information was filed in pursuance of such binding over, and charged another and different offense than the one for which he was so bound over under such order, and that a demurrer was filed thereto and sustained, and the defendant discharged without an order by the court directing another information to be filed, that this in law would not amount to an acquittal, and that the jury should so find. The trial court evidently based its instructions to the jury on the one fact that the examining magistrate held the defendant to answer the alleged offense of procuring an abortion, and that such order was alone evidenced by the indorsement made upon the complaint, and that the information charged a different offense from that named in the order so made, and ignored the fact that an order to hold to bail could be and was made upon the docket of the justice, which was certified to the court. The elaborate instructions given to the jury on the first proposition, while ignoring the other, might, and doubtless did, tend to overshadow and obliterate for the time, from the minds of the jury, the important fact that there was indisputable proof on the subject of the docket order which would justify the filing of the information to which the demurrer was entered and afterwards sustained. The undisputed testimony in the case shows that the defendant's plea of former acquittal was fully established. It is manifest that, if a new trial be granted, the record of the proceedings below would remain unchanged, and a verdict of acquittal upon a plea of former acquittal would follow. We therefore direct that the cause be remanded, with instructions to the trial court to vacate and set aside the verdict and judgment, and to discharge the defendant.

ZANE, C. J., and BARTCH, J., concur.