*Ex parte* WALLACE DODSON.

*Ex parte* HENRY PARRIS.

*Ex parte* FRED WALKER.

Nos. 473, 474, 475.   Opinion Filed February 28, 1910.

(107 Pac. 450.)

1.  **INDICTMENT AND INFORMATION — Sustaining Demurrer— Holding Accused for Grand Jury—Power of County Court.** The provision of Procedure Criminal, section 6751, Snyder's St.: "If the demurrer is sustained, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment, direct the case to be resubmitted to the same·or another grand jury"—has no application to misdemeanors prosecuted by indictment, transferred to a county court.

2.  **SAME.** Where a demurrer is sustained to an indictment, charging a misdemeanor, the county court has no power or authority to commit the defendant to await the action of a grand jury.

3.  **SAME—Bar to Further Prosecution.** The sustaining of a demurrer to an indictment, charging a misdemeanor, is no bar to a subsequent prosecution by information for the same offense. Owen J. Dissenting.

(Syllabus ·by the Court.)

Application of Wallace Dodson and others for a writ of *habeas corpus.*   Writ denied, and petitioners remanded to custody.

The petitioners, Wallace Dodson, Henry Parris, and Fred Walker, on December 7, 1909, filed in this court their separate petitions, each duly verified, .wherein each avers that he is unlawfully restrained of his liberty by one James S. Sanders, sheriff

of Cherokee county, at and in the common jail of said county. And for the reasons stated in said petitions, each petitioner prays that a writ of *habeas corpus* be allowed, and that he be discharged from such unlawful imprisonment. On said date there was also filed an agreed statement of facts, as follows:

### "Agreed Statement of Facts.

"It is hereby stipulated and expressly agreed by and between J. I. Coursey, county attorney of Cherokee county, state of Oklahoma, and W. P. Thompson and Preston S. Davis, attorneys for the petitioners herein, as follows, to wit:

"That the petitioner Wallace Dodson was indicted by the grand jury at the September term of the district court of Cherokee county, Okla., charging him with the sales of intoxicating liquors at various times within said county and state; said indictments being numbered in said court as follows, to wit: 285, 359, 358, 283, 286, 356, 278, 215, 360, 361, 284, 282, 357, 281, 363, and 364. That thereupon said district court transferred to the county court of Cherokee county the above-numbered cases, together with all the papers and a portion of the proceedings therein, which were filed in the county court, and numbered upon the criminal docket of said county court, respectively, as follows: 521, 584, 519, 522, 582, 514, 452, 586, 587, 520, 518, 583, 517, 589, and 590.

"That the petitioner Henry Parris was indicted by the grand jury at the September term of the district court of Cherokee county, Okla., charging him with the sales of intoxicating liquors at various times within said county and state; said indictments being numbered in said court as follows, to wit: 236, 235, 237, 238, 240. That thereupon said district court transferred to the county court of Cherokee county the above-numbered cases, together with all the papers and a portion of the proceedings therein, which were filed in the county court, and numbered upon the criminal docket of said county court, respectively, as follows: 472, 471, 473, and 476.

"That the petitioner Fred Walker was indicted by the grand jury at the September term of the district court of Cherokee county, Okla., charging him with the sales of intoxicating liquors at various times within said county and state; said indictments being numbered in said court as follows, to wit: 246, 346, 253, 347, 348, 345, 247, 249, 251, 250, 254, 352, 351, 353, 206, 241, 350, 245, 244, 243, 242, and 340. That thereupon said district

court transferred to the county court of Cherokee county the above-numbered cases, together with all the papers and a portion of the proceedings therein, which were filed in the county court, and numbered upon the criminal docket of said county court, respectively, as follows: 482, 572, 489, 573, 574, 571, 483, 484, 487, 486, 490, 578, 579, 443, 477, 576, 481, 480, 479, 478, and 566.

"That thereafter warrants were duly issued and served upon the petitioners in each of the above-enumerated causes, and thereafter said petitioners were admitted to bail, and that said causes coming on to be heard in the said county court, and said petitioners being called upon to enter their pleas to the said indictments on the 12th day of November, A. D. 1909, interposed and filed in each of the said several causes a demurrer to the indictment; the grounds contained and set forth in each of the said several demurrers in each of the said above-enumerated causes being identically the same. A copy of one of said demurrers is hereto attached, herewith filed, marked 'Exhibit A,' and made a part hereof.

"That thereafter, and upon the 17th day of November, 1909, said demurrers came on to be heared before said county court, and the same were duly argued, pro and con, and thereafter on the 19th day of November, 1909, the court sustained each and all of said demurrers to said indictments in said cause, and entered his order to that effect upon the minutes of the court in each of the above-enumerated causes; said order being the same in each case, a copy of which taken from said minutes being hereto attached, herewith filed, and marked 'Exhibit B,' and made a part hereof. That said court thereupon discharged the petitioner in each and every case and exonerated their bail therein. That said court did not enter any order whatever directing the case to be resubmitted to the same or to another grand jury.

"That before the defendant left the court-room after these proceedings had been had as aforesaid, the county attorney filed informations charging these petitioners with the same offenses as were charged in the indictments herein above mentioned and enumerated; said informations against petitioner Wallace Dodson being numbered as follows, to wit: 682, 686, 689, 697, 698, 699, 700, 701, 702, 703, 704, 705, 720, 721, 722—which said enumerated informations correspond respectively to the indictments charging these same offenses that had been set aside as aforesaid by said court and which were numbered in said county

court as stated and set forth herein above. That a compared list, showing the number of the present informations, the number of the indictments in the county court, and the number of the indictments in the district court, and the name of the party to whom the liquor was charged to have been sold, and the dates of said sales for each of said petitioners in these said several enumerated causes herein, is hereto attached, herewith filed, marked 'Exhibit C,' and made a part hereof.

"That the same proceedings were had as to the petitioners Henry Parris and Fred Walker as were had in the cases against the petitioner Wallace Dodson, as set forth herein above; the informations against Henry Parris being numbered 679, 694, 715, 716, and 717, and the informations against Fred Walker being numbered 683, 687, 706, 707, 708, 709, 710, 711, 712, 713, 714, 732, 733, 734, 735, 736, 737, 738, 739, 740, 741, 742, 743, and 744.

"That upon these informations aforesaid warrants were duly issued, and the defendants then and there arrested in the courtroom on the said 19th day of November, 1909, and the defendants, being unable to give a bond of $500, which was required by the court in each case, were committed by the court to jail.

"It is further agreed that the petitioners herein are held by James S. Sanders, sheriff of Cherokee county, Okla., by virtue of commitments issued to him on the above informations and the warrants issued thereon in each of the above-numbered cases in the said county court out of the said county court of said county, which commitments are regular on their face, commanding the said sheriff that he hold the said petitioners in default of bail in each of the above-enumerated causes, and that said petitioners were duly incarcerated in the county jail of Cherokee county, Okla., where they have been confined since the said 19th day of November, 1909.

"It is hereby agreed that the personal attendance of the petitioners herein, Wallace Dodson, Henry Parris, and Fred Walker, before the Criminal Court of Appeals, on the hearing upon these petitions for writs of *habeas corpus,* is waived. That the personal appearance and attendance of the sheriff of Cherokee county, Okla., James S. Sanders, is also waived.

"It is further agreed and understood that the issuance of the preliminary writ of *habeas corpus* may be waived, and that the matters for each of said petitioners may be set down for hearing upon the merits as to whether they be finally discharged upon

writs of *habeas corpus* by the Criminal Court of Appeals, on the 6th day of December, A. D. 1909.

"It is hereby agreed that the above agreed statement of facts may be taken and considered in each and every of the cases herein above set forth and enumerated, and that the decision of the Criminal Court of Appeals in one of the causes shall be taken and entered of record in each of said enumerated cases herein.

"Witness our hands this the 3d day of December, A. D. 1909, at Tahlequah, Okla. J. I. Coursey, County Attorney for Cherokee County, Oklahoma. W. P. Thompson and Preston S. Davis, Attorneys for the Petitioners."

"Exhibit A.—Demurrer to Indictment.

"Comes now the defendant and moves to set aside the indictment in this cause, for the following reasons:

"First. That the allegations of the indictment do not constitute a public offense.

"Second. That the indictment charges more than one offense in one count.

"Third. That the same was not properly transferred under the law from the district court to the county court.

"Fourth. That the transcript does not show that there was a special instruction to the grand jury to investigate misdemeanors properly cognizable by the county court, and over which the county court has sole and exclusive jurisdiction.

"Fifth. That no instructions to the grand jury authorizing it to make investigations as to crimes over which the county court has jurisdiction were given by the district court, and made a matter of record as shown by the record of this court and the transcript in this case.

"Sixth. That the county court has no jurisdiction in this case."

The court fixed the amount of the bail bond in each case at $2,500, upon giving of which the petitioners should be released pending the determination of their respective cases. Fifteen days were allowed to file briefs on behalf of petitioners, and the state was allowed 15 days to file answering briefs.

*W. P. Thompson* and *Preston S. Davis*, for petitioners.— Citing *People v. Jordan*, 63 Cal. 219, and *Minn. v. Comfort*, 22 Minn. 271.

*Fred S. Caldwell,* Counsel to the Governor, and *J. I. Coursey,* Co. Atty., for the State.—Citing *Rea v. State,* 3 Okla. 269, 105 Pac. 381.

DOYLE, JUDGE (after stating the facts as above). The proposition presented by this proceeding involves a singular question of practice where misdemeanors are prosecuted by indictment.

The criminal procedure act, as adopted from Oklahoma Territory, provides:

Section 6750, Snyder's St.:

"Upon considering the demurrer, the court must give judgment either sustaining or overruling it, and an order to that effect must be entered upon the minutes."

Section 6751, Snyder's St.:

"If the demurrer is sustained, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment, direct the case to be resubmitted to the same or another grand jury."

Section 6752, Snyder's St.:

"If the court do not direct the case to be resubmitted, the defendant, if in custody, must be discharged, or if admitted to bail, his bail is exonerated, or if he have deposited money instead of bail, the money must be refunded to him."

Section 6753, Snyder's St.:

"If the court direct that the case be resubmitted anew, the same proceedings must be had thereon as are prescribed in this act or in sections 6741, 6742 and 6743."

Section 7 of article 3, c. 48, Sess. Laws 1908, provides:

"For the trial of all criminal cases, now, or hereafter pending, or transferred in or to any county court, for the trial of all civil causes, now, or hereafter pending, in any county court, the pleadings, practice and procedure, shall be the same as that of the district court."

Counsel for petitioners contend in their brief that:

"In these cases, the county court having the authority and power to make such orders of resubmission the same as the district court, but failing or refusing, it is to be presumed, there-

fore, that said court did not consider that 'the objection on which the demurrer was sustained might be avoided in a new indictment,' and, not having made such orders of resubmission, the said county court forever lost all further jurisdiction, power, authority, and control over any further or subsequent proceedings in said court against said defendants upon the same offenses, and also lost all further jurisdiction, power, and authority over the subject-matter or cause of action to charge, arrest, hold, commit to jail, or in any manner to restrain the defendants of their liberty."

And further argue that:

"In these cases we do not claim that we have ever been in jeopardy, nor do we contend that we have ever been acquitted, but we do contend in all seriousness that the county court of Cherokee county was, and now is, for the reasons already stated herein, without any jurisdiction to proceed further against these defendants upon these same charges under these informations. The statute says they shall be discharged, and the statute means what it says; nothing more, nothing less. Our plea and contention is not one in bar, but one of jurisdiction only; jurisdiction pure and simple; jurisdiction first, last, and all the time. The defendants have their choice of one of two things, namely, remain in jail for an indefinite period, wait for trials on the informations and interpose the defense of a plea in bar, and then stay in jail some more (for the agreed statement of facts shows that they cannot give the bail required and fixed by the county court), and await the slow process of appeal to procure justice and their liberty, or raise the question of the want of jurisdiction of the county court to proceed against them further under these informations by means of the writ of *habeas corpus.*"

We are of the opinion that petitioners' contention is not well taken. The provisions of procedure criminal quoted cannot be extended to include indictments for misdemeanors. However, as this question has not hitherto been formally presented on appeal, we will not consider it.

It will be observed that section 6751, *supra,* requires that the resubmission must be made to a grand jury. As we view the law, this statute can have no application to misdemeanors prosecuted by indictment in county courts, for the reasons that such courts are without power or authority to direct a submission or a resub-

mission of a case to a grand jury. Section 6743, Snyder's St., provides:

"If the court direct that the case be resubmitted the defendant, if already in custody, must so remain, unless he be admitted to bail, or if already admitted to bail, or money have been deposited instead thereof, the bail or money is answerable for the appearance of the defendant to answer a new indictment. Unless a new indictment is found before the next grand jury of the county is discharged, the court must, on the discharge of such grand jury, make the order prescribed in the preceding section."

Prosecutions for misdemeanors may be by indictment or information, as they are concurrent remedies. Section 18 of the Bill of Rights, in part, provides:

"A grand jury shall be convened upon the order of a judge of a court having the power to try and determine felonies, upon his own motion; or such grand jury shall be ordered by such judge upon the filing of a petition therefor signed by one hundred resident taxpayers of the county; when so assembled such grand jury shall have power to investigate and return indictments for all character, and grades of crime."

Section 6751, *supra,* is clearly repugnant to this provision of the Constitution; both cannot operate together. Under the contitutional provision, the convening of a grand jury is an uncertain and undetermined matter, and should the county court, upon sustaining a demurrer, direct that the case be resubmitted anew, the defendant, if already in custody, must so remain unless he be admitted to bail, or, if already admitted to bail, the bail is answerable only for his appearance to answer to a new indictment. What certainty is there that the defendant would not spend the remainder of his natural life in jail? The county court cannot order that a grand jury be convened, and it is thus without power to afford the defendant the investigation for which he has been detained in custody. The district judge may convene a grand jury on his own motion or upon a proper petition; but, if a grand jury should be convened, what authority would a county court have over the same? And how could a county court enforce its order that a defendant's case be resubmitted to such grand jury? Thus the period of defendants' incarceration for want of bail

would not depend upon the time or the happening of any certain event, but would be subject to the aforesaid indefinite and uncertain contingencies.

Our Constitution provides (section 20, Bill of Rights):

"In all criminal prosecutions the accused shall have the right to a speedy and public trial, by an impartial jury of the county in which the crime shall have been committed."

An order directing the resubmission of a case to a grand jury by a county court would be a denial of this constitutional guaranty. No court in this state has the power to commit a defendant indefinitely. As was said by Chancellor Pirtle, in *Ex parte Alexander,* 2 Am. Law Reg. 44:

"A freeman should never, by the laws of freemen, be placed in such a dreary uncertainty of imprisonment as that, when he inquires of the 'law of the land,' it cannot tell him when it shall end."

On the other hand, it certainly cannot be claimed with any show of reason that in such cases the county court may direct the county attorney to file an information against the defendant. Our law makes no such provision.

A proposition very similar to the question in the cases at bar was considered by this court in the case of *Rea v. State, ante,* p. 269, 105 Pac. 381, wherein section 6690, Snyder's St., was construed. Said section provides:

"The dismissal of the charge does not, however, prevent its being again submitted to a grand jury as often as the court may so direct. But without such direction it cannot be again submitted."

In the Rea Case the defendant filed a motion to quash the information on the ground the identical offense charged therein had been previously investigated by the grand jury, and such charge had been by said grand jury dismissed. An indictment was returned without an order of the court directing the resubmission of the case. This court there held:

"This statute has no application to offenses prosecuted by information, and the court did not err in overruling the motion to quash the information upon this ground."

If the construction contended for by the petitioners should prevail, then, in every case of a defective indictment for a misdemeanor, it would only be necessary for the defendant to have a demurrer sustained in the county court, and he would have placed as effectual a bar to any further prosecution for that offense as a trial and verdict of acquittal would be. For the reasons stated, the doctrine, that to have a second prosecution in cases of demurrer sustained, depends upon the judicial opinion of the court, that the objections raised by the demurrer may be avoided on a new indictment, and, in the absence of such opinion or finding by the court, the prosecution for that offense is at end, has no application in cases of misdemeanors prosecuted by indictment in county courts.

The demurrers filed show that the objections made are not in bar to a future prosecution. As a matter of good practice, upon sustaining a demurrer to an indictment or a dismissal thereof, in the county court, the reasons for sustaining the demurrer or of the dismissal should be entered upon the minutes. Our Criminal Procedure provides generally (section 7052, Snyder's St.) :

"An order for the dismissal of the action, as provided in this chapter, is not a bar to any other prosecution for the same offense."

As we view the law, the former indictment, the demurrer, and the judgment sustaining it in each of these cases—and it is admitted that each offense is identical, as the same now charged by information—do not constitute a bar to the further prosecution of said offenses by the informations filed, and the county court of Cherokee county has full jurisdiction of the offenses now pending on said informations.

For the reaons stated, the writ of *habeas corpus* is denied in each of said cases, and the petitioners are remanded to the custody of the sheriff of Cherokee county.

FURMAN, Presiding Judge, concurs.

OWEN, JUDGE (dissenting). I am unable to agree with the conclusions reached by my colleagues in this case. The section of the statute referred to is as follows:

"If the demurrer is sustained, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment, direct the case to be resubmitted to the same or another grand jury." (Section 6751, Snyder's Comp. Laws 1909.)

I cannot agree that this section has no application to prosecutions for misdemeanors by indictment. Section 3989, Snyder's Comp. Laws 1909 (Sess. Laws 1907-08, p. 474), is as follows:

"For the trial of all criminal cases, now, or hereafter pending, or transferred in or to any county court, and for the trial of all civil causes, now, or hereafter pending in any county court. the pleadings, practice and procedure shall be the same as that of the district court."

If this section has any meaning whatever, the county court must proceed in exactly the same manner as the district court would in a like case, and this is true after sustaining a demurrer as well as before. In my opinion, section 6751 either applies to prosecutions for misdemeanors, as well as felonies, or is unconstitutional. If it is repugnant to the provisions of the Constitution authorizing prosecutions by information, it can have no application in any case, for the reason that the procedure is identical in both the county and district courts.

This court said, in the case of *Canard v. State,* 2 Okla. Cr. 505, 103 Pac. 737:

"We understand the rules governing prosecutions by informations to be identical to those covering prosecutions by indictment."

I understand the rule to be, in construing a statute with reference to the Constitution, the courts will not construe the statute so as to make it conflict with the Constitution, but rather put such interpretation upon it as will avoid conflict, if such construc-

tion be possible. It is the duty of the court to construe a statute as not being in conflict with the Constitution, if that construction can reasonably be arrived at. This rule was announced in the case of *Ogden v. Saunders,* 12 Wheat. 215, 6 L. Ed. 606. In that case the court said:

"They are not only to be presumed to be constitutional, but the authority of this court to declare them void will only be resorted to in a clear case of conflict."

In the case at bar, I do not believe it necessary to declare the statute in conflict with the Constitution. Certainly there is no clear case of conflict. Our Criminal Procedure Code was adopted from California. At the time of the adoption (1890), prosecutions could be had in the territorial courts of record by indictment only. Section 6751, *supra,* refers only to indictment. This section appeared in the California Code before adoption as follows:

"If the demurrer is allowed, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment or information, direct the case to be submitted to the same or another grand jury, or directs a new information to be filed. * * *"

It will be observed that this section differs from ours only in that it uses the words "or information" in addition to the word "indictment." The purpose of that section is to give to the court passing on the demurrer the power to determine whether further prosecution shall be had. There is every reason for giving the court the power to determine whether the prosecution is meritorious and should continue. If for any reason a subsequent indictment or information could not cure the objection on which the demurrer is allowed, both the county and the defendant should be saved the costs and annoyance of a subsequent prosecution based on the same facts. It should not be left optional with the county attorney whether he continue further prosecution. He has discharged his duty when he reports the facts to the court in an indictment or information, and then it becomes the court's duty

to determine whether the facts alleged warrant the prosecution. If he sustains the demurrer, he may direct the case to be resubmitted to a grand jury, or he may direct the case to be prosecuted by information. The mere fact that the county attorney might not be possessed with sufficient personal knowledge to verify the information, as required by the Constitution, does not change the law of procedure. Suffice it to say in the case at bar he did file informations. We are not trying the case on an imaginary condition. This court has no power to make laws or supply the deficiencies of the statute. We have discharged our duty when we construe the law as it is written. It is for the Legislature to enact a Code that will meet all emergencies.

It cannot be contended the court has not the power to direct the case to be prosecuted by information. The grant of power to determine whether prosecutions should be had carries with it all the powers to secure a prosecution according to law. As was said by the presiding judge of this court in the case of *Ex parte Johnson,* 1 Okla. Cr. 286, 97 Pac. 1023:

"The grant of power to do a certain thing necessarily carries with it the power to do all things which are necessary to the full accomplishment of the purpose had in view in granting the original power. To say that the court can direct a resubmission of a case to a subsequent grand jury, but is without power to hold the defendant in custody, or on bail, to answer an indictment which may be found, is to so construe the law as to result in its defeat, and thus render it absurd and abortive. It is a familiar principle of law that a statute must never be so construed as to defeat the plain purpose which it has in view."

Section 17 of the Bill of Right (section 26 Bunn's Ann. Ed.) authorizes prosecutions by information as well as by indictment, and, taken with section 6751, *supra,* gives us the procedure as it was in California prior to the adoption of the statute in Oklahoma Territory. This statute was construed by the Supreme Court of California in the case of *People v. Jordan,* 63 Cal. 219. In that case, pending a demurrer to an information, a new information was filed. Afterwards a demurrer was sustained, but no order was made directing the filing of a new information. The

Supreme Court held that the judgment sustaining the demurrer to the first information was a bar to another prosecution, using the following. language:

"It makes no difference that the second information was filed before the judgment on demurrer was rendered. There being no direction for a new information or resubmission, it became and was a bar to another prosecution for the same offense. The Legislature seem, in the section referred to, to have made a second prosecution in case of demurrer sustained depend upon the judicial opinion of the court that the objection raised by the demurrer may be avoided on a new information; and, in the absence of such opinion, the prosecution for that offense is at an end."

In the case of *Ex parte Williams,* reported in 116 Cal. 512, 48 Pac. 499, this section was again construed by the Supreme Court. The petitioner sought for discharge on *habeas corpus* on the following facts: "To the indictment charging him with forgery he interposed a demurrer, which demurrer was by the court sustained, 'with leave to the district attorney to file a new information.'" The syllabus by the court is as follows:

"Under section 1008 of the Penal Code, the allowance of a demurrer to an information or indictment is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection may be avoided by a new indictment or information, directs the case to be submitted to another grand jury or directs a new information to be filed; and where, upon sustaining a demurrer to an information, the court merely sustains it, 'with leave to the district attorney to file a new information,' such permissive order is not equivalent to the direction or command contemplated by that section, the prosecution is at an end, and the prisoner cannot be held for trial under a new information, and will be discharged from custody upon *habeas corpus.*"

Under a similar statute, the Supreme Court of Utah, in the case of *State v. Crook,* 16 Utah, 212, 51 Pac. 1091, said:

"The defendant's plea of former acquittal of the same offense charged in the information, by the judgment of the court sustaining the demurrer, and ordering the defendant discharged, without making an order directing another information to be filed, or that the cause be submitted to the grand jury, was, under the facts shown, a sufficient plea of former acquittal, and a bar to a prosecution under the third information filed. The information

to which the demurrer was sustained and the information upon which the defendant was tried stated the same identical offense. The identity of the parties was admitted. We are of the opinion that the instruction of the court to the jury, to the effect that the judgment of the court in sustaining the demurrer to the second information and discharging the defendant thereon, without an order directing another information to be filed, would not amount to an acquittal of the defendant on that information, and the jury should so find, was error."

There is ample provision in the statute for dismissing an indictment by motion. Section 6690, Snyder's Comp. Laws 1909, provides:

"An order to set aside an indictment, as provided in this chapter, is no bar to a further prosecution for the same offense."

The statute makes a difference between setting aside the indictment on motion and sustaining a demurrer to an indictment. The statute specifically makes the sustaining of a demurrer to an indictment a bar to another offense, "unless the court be of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment."

In my opinion it is not necessary to hold section 6751 in conflict with the Constitution. On the contrary, it is enlarged by the provision of the Constitution permitting prosecutions by information, and where an indictment for misdemeanor has been transferred to the county court, and the defendant has filed a demurrer, it is the duty of the court in sustaining the demurrer to determine whether further prosecution shall be had, and, if in the opinion of the court the objection to the indictment may be avoided in a new indictment or information, to direct that the defendant be held, and that the county attorney proceed by information. The court did not do this, but ordered the defendant discharged.

In my opinion the application for writ of *habeas corpus* should be granted.