## STATE v. J. C. WALTON.

No. A-5165.    Opinion Filed June 3, 1925.
(236 Pac. 629.)

(Syllabus.)

1.  Judges—District Judge, Assigned to Other District to Try Criminal Case, Without Authority to Hear and Decide Matter Connected With Such Case Outside District to Which He Was Assigned. A district judge, who has been regularly assigned to a district other than his own to try a criminal case, is in effect a judge pro tempore of such district, and has no right or authority to hear and decide any motion or other matter connected with such case outside the district to which he has been assigned.

2.  Appeal and Error—Appeal by State from Order Sustaining Demurrer to Indictment or Information and Discharging Accused Without Direction that It Be Resubmitted or that New Information Be Filed, Raising Only Question of Law. The state has the right to appeal from an order sustaining a demurrer to an indictment or information; such an appeal reserves for decision only a question of law, where the demurrer is sustained and the defendant discharged without direction by the trial court that the same be resubmitted or that a new information be filed.

3.  Former Jeopardy—Sustaining Demurrer to Indictment or Information as Barring Another Prosecution for Same Offense. Under Code of Criminal Procedure, section 2612, C. S. 1921, if a demurrer to the indictment or information is sustained, the judgment is final, and such judgment is a bar to another pros-

ecution for the same offense, unless the court at the time directs the case to be resubmitted or that a new information be filed, and such direction must be by matter of record.

4. Same.—A judgment sustaining a demurrer under the statute is as far-reaching and conclusive as to the defendant's liability for the crime charged as though it had been rendered upon a verdict of not guilty, where the court does not order a resubmission of the case or direct that a new information be filed.

5. Same.—The judgment of the trial court sustaining the demurrer to an information, unaccompanied by contemporaneous order or direction to file a new information, is a bar to further prosecution for the same offense.

6. Appeal and Error—On Showing that Judgment Contained in Transcript Was not Based on Judgment of Trial Court, Appeal by State from Judgment Sustaining Demurrer to Information Dismissed. Where, on appeal by the state from a judgment sustaining a demurrer to an information and discharging the defendant, it appears that the journal entry of judgment contained in the transcript was not based upon the judgment of the court as pronounced and entered, the appeal will be dismissed for want of jurisdiction.

7. Indictment and Information—Allegations Against Accessory Before Fact, Only Such as Necessary as Against Principal. Under Code of Criminal Procedure, section 2574, C. S. 1921, no additional facts need be alleged against one who at common law was deemed an accessory before the fact than would be necessary as against the principal.

Appeal from District Court, Oklahoma County; A. S. Wells, Judge.

J. C. Walton was prosecuted for diverting money appropriated by law from purpose of such appropriation. From judgment sustaining demurrer to informations, the State appeals, and accused moves to dismiss the appeal. Appeal dismissed.

The Attorney General, Leon S. Hirsh, Asst. Atty. Gen., and J. K. Wright, Co. Atty., for the State.

Warren K. Snyder and Ben F. Williams, for defendant in error.

DOYLE, J.   On the 10th day of April, 1924, the county attorney of Oklahoma County filed in the district court of said county five informations, each charging J. C. Walton with a violation of section 1662, C. S. 1921, which provides:

"That any state officer, deputy or employee of such state officer, who shall divert any money appropriated by law from the purpose and object of such appropriation, shall be deemed guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a period of not less than one year nor more than ten years."

It is alleged in substance in each information that the Eighth Legislature of the State of Oklahoma duly appropriated $15,000 as a contingent fund to be expended under the direction of the Commissioner of Health of the State of Oklahoma for the purpose of preventing and curing venereal diseases, and that said J. C. Walton then and there being Governor of the State of Oklahoma, acting together with A. E. Davenport, the Commissioner of Health of the State of Oklahoma, and with one T. P. Edwards, did unlawfully, wrongfully, and feloniously divert $200 of the said $15,000 from the purpose and object of its appropriation in payment of the salary of the said T. P. Edwards, as a personal and private employee of the said J. C. Walton, and that the said T. P. Edwards was not then and there engaged in performing any duties for the Health Department of the State of Oklahoma.

Each of said informations charged the said defendant in the same language, except that the date on which such diversions are alleged to have occurred is different; the same being for a month's salary in each instance.

To each of these informations the defendant interposed a demurrer, on the statutory grounds.

Thereafter on the 18th day of April, 1924, before A. S. Wells, one of the district judges of the state of Oklahoma,

who at that time was holding court by assignment of the Chief Justice in Oklahoma County, the demurrers coming on to be heard, were by the court sustained.

The journal entry of judgment was on the same day prepared, signed, and filed with the court clerk by Judge Wells, the material part of which is as follows:

"This matter comes on for hearing on this the 18th day of April, 1924, on the demurrers to the informations filed herein. The state is represented by J. K. Wright, county attorney, and the defendant is represented by Warren K. Snyder, and after the argument is heard and the court has been duly advised in the premises.

"The court finds as a matter of law that the defendant, J. C. Walton, who is prosecuted alone in these cases, cannot himself divert those funds, and the court is of the opinion that the informations do not charge a crime against J. C. Walton in simply alleging that he conjointly diverted these funds with Davenport and Edwards. The court is of the opinion, however, that if the informations charged Davenport with the diversion of the funds, and in addition to that charged J. C. Walton with aiding and abetting in the diversion of those funds, and then set out the acts and nature of his acts by which he aided and abetted, that they would state a crime against J. C. Walton. That not being true in these cases, and the information simply saying that J. C. Walton diverted the funds acting conjointly with Davenport, it is the opinion of the court that the informations fail to state facts sufficient to constitute a crime upon the part of J. C. Walton against the state of Oklahoma, and for that reason the demurrers to the informations are sustained.

"To the ruling of the court sustaining the demurrers the county attorney duly excepts and objects, and his exceptions and objections are allowed. Then the county attorney gives notice in open court of his intention to elect to stand on the demurrers, and gives notice in open court of his intention to appeal the matter to the Criminal Court of Appeals of the State of Oklahoma, and asks that he be given ten, five, and two days to prepare the record, suggest

amendments, and settle the record that it may be filed in the Criminal Court of Appeals, and said time is allowed.

"A. S. Wells, Judge.

"Filed in district court Oklahoma County, Okla., April 18, 1924. Cliff Myers, Court Clerk, by Carl Traub, Deputy."

A duplicate copy of said journal entry was delivered to Hon. Warren K. Snyder, counsel for the defendant. Thereafter on April 21, 1924, Judge Wells received through the mail at Lawton another journal entry, which he signed and returned to the county attorney of Oklahoma county, which journal entry contained the following recital:

"The court is of opinion that the objection to these informations can be avoided in new informations, and the county attorney is hereby directed to continue prosecution by filing new informations in this case in accordance with the views herein expressed."

It appears that the original journal entry was withdrawn, and the journal entry signed at Lawton, Comanche county, was substituted and filed with the court clerk of Oklahoma county.

The state appealed from the judgment sustaining the demurrers by filing in this court a petition in error with a duly certified transcript of the record attached.

Counsel for defendant in error filed a motion to correct the transcript to speak the truth, on the ground that the journal entry of judgment set forth in the transcript of the record, marked filed April 18, 1924, was in fact signed at Lawton on April 21, and tendered for filing in Oklahoma City April 21, 1924, or later, and that the same bears a false and fictitious filing date; that Hon. A. S. Wells, judge of the Sixteenth judicial district, by order of the Chief Justice was assigned to hold court in Oklahoma county for the period of one week, beginning April 18, 1924, and his time for holding court in Oklahoma County expired midnight, Saturday, April 19, 1924; and that the journal entry of

judgment made and signed while he was in Oklahoma county on the 18th day of April, 1924, was removed from the files by the court clerk, and the journal entry which was signed by him on the 21st day of April, 1924, at Lawton, was substituted therefor. Which motion for permission to correct the transcript was by this court allowed.

Thereafter, the Chief Justice of the Supreme Court assigned the said A. S. Wells, district judge, to sit and hold court in Oklahoma county to hear the application of the defendant to correct said transcript. Upon which hearing it appears without dispute that the facts as to the signing and filing of the two journal entries of judgment are as heretofore stated.

Thereafter the defendant in error filed a motion to dismiss the state's appeal herein on the ground that the judgment pronounced sustaining the demurrers to said informations as shown by the record, including the minutes of the court and the original journal entry of judgment, did not contain any order directing or authorizing the county attorney to file new informations in said cases.

We have examined fully and carefully the whole record, and we are clearly of opinion that this appeal should be dismissed.

It may be observed at the outset that a district judge, who has been regularly assigned to a district other than his own to try a criminal case, is in effect a judge pro tempore of such district, and has no right or power to hear and decide any motion or other matter connected with such case outside the district to which he has been assigned, unless he is authorized to do so by some constitutional or statutory provision. Dobbs v. State, 5 Okla. Cr. 480, 114 P. 358, 115 P. 370.

Our Code of Criminal Procedure provides:

That "the defendant may demur to the indictment or

information when it appears: * * * That the facts stated do not constitute a public offense." Section 2608, C. S. 1921.

That, "upon considering the demurrer, the court must give judgment either sustaining or overruling it, and an order to that effect must be entered upon the minutes." Section 2611.

That, "if the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed." Section 2612.

That, "if the court do not direct the case to be further prosecuted, the defendant, if in custody, must be discharged, or if admitted to bail, his bail is exonerated, or if he have deposited money instead of bail, the money must be refunded to him." Section 2613.

A judgment is the final consideration and determination of a court of competent jurisdiction on the matters submitted to it, and a judgment sustaining a demurrer under the statute is as far-reaching and conclusive as to the defendant's liability for the crime charged as though it has been rendered upon a verdict of not guilty, where the court does not direct a resubmission of the case, or direct that a new information be filed.

Section 2612, supra, confers upon the court the right to direct the filing of a new information, if, when it sustains the demurrer, it is of the opinion that the objection on which the demurrer is sustained may be avoided in a new information. This section places it wholly within the power of the court to determine whether further prosecution shall be had.

In the case of State v. Robertson, 28 Okla. Cr. 234, 230 P. 932, it was held:

"The state has the right to appeal from an order sustaining a demurrer to an indictment or information. Such an appeal reserves for decision only a question of law where the indictment or information is dismissed and the defendant discharged without direction or permission by the trial court to amend the information or that the case be submitted to that or another grand jury."

In State v. Crook, 16 Utah, 212, 51 P. 1091, the Supreme Court of Utah said:

"The defendant's plea of former acquittal of the same offense charged in the information, by the judgment of the court sustaining the demurrer, and ordering the defendant discharged, without making an order directing another information to be filed, or that the cause be submitted to the grand jury, was, under the facts shown, a sufficient plea of former acquittal, and a bar to a prosecution under the third information filed."

The words of this statute are similar with those of Arizona. We wish here to quote with approval the language of McAlister, Chief Justice, in the case of State v. Phillips (Ariz.) 233 P. 586:

"While the statute does not say in hæc verba that an order resubmitting the cause or directing the filing of a new information shall be made at the time the demurrer is sustained, yet it is very clear that such is its meaning. This appears, we think, from the language of section 984 itself, and also from that of the succeeding section which provides that under such conditions the defendant must be discharged if in custody, his bail exonerated if admitted to bail, or his money refunded if he has deposited money instead of bail. If it had been intended that such an order should not be effective forthwith, the Legislature would undoubtedly have given the court time in which to determine whether it would resubmit the cause or direct the filing of a new information, and inasmuch as it failed to do this there can be no question but that it intended that the discharge of the defendant, the exoneration of his bond, or the refunding of his money should follow immediately, or practically so, the order allowing the demurrer unaccompanied by one resubmitting the case or directing the

filing of a new information. There is no way by which the court can prevent such an order's becoming final forthwith and constituting a bar to another prosecution than by resubmitting the case or directing the filing of a new information, and unless this is done practically contemporaneously with the sustaining of the demurrer it is too late."

In State v. Vaughn, 15 Okla. Cr. 187, 175 P. 731, this court held that—

"Where the trial court sustains a demurrer to an information in a criminal case, and fails to order or direct that a new information be filed charging the same offense, the judgment sustaining the demurrer to the information is final, and the accused may not be subjected to another prosecution for the same offense."

It may be well for us to say here, in order to guard against a misapprehension, that if the sufficiency of the informations to charge an offense was properly before this court, as a reserved question of law, that we would hold said informations to be sufficient.

It has been repeatedly decided by this court that under section 2574, C. S. 1921, no additional facts need be alleged against one who at common law was deemed an accessory before the fact than would be necessary as against the principal. Wertzberger v. State, 25 Okla. Cr. 1, 218 P. 721; Sanditen v. State, 22 Okla. Cr. 14, 208 P. 1040; Moore v. State, 14 Okla. Cr. 292, 170 P. 519; Rhea v. State, 9 Okla. Cr. 220, 131 P. 729.

For the reasons stated, the motion of the defendant in error to dismiss this appeal is sustained, and the appeal herein dismissed.

BESSEY, P. J., and EDWARDS, J., concur.