Billy W. **ROWELL**, Petitioner,

v.

Homer **SMITH**, District Judge of the District Court, Oklahoma County, Oklahoma, and Charles L. Owens, Chief Judge of Oklahoma County, Oklahoma, Respondents.

No. P–75–160.

Court of Criminal Appeals of Oklahoma.

April 17, 1975.

Bay, Hamilton, Renegar & Lees, by Larry Spears, Oklahoma City, for petitioner.

Curtis P. Harris, Dist. Atty., Elaine Schuster, Terry Flaugher, Asst. Dist. Attys., for respondents.

OPINION

BUSSEY, Judge:

This is an original proceeding in which Petitioner has filed an application for this Court to assume jurisdiction and enter an Order permanently prohibiting the District Judges of the Seventh Judicial District

from further proceedings in Oklahoma County Case No. CRF–75–357–State of Oklahoma v. Billy W. Rowell (Concealing Stolen Property); Case No. CRF–75–414–State of Oklahoma v. Billy W. Rowell (Concealing Stolen Property); and Case No. CRF–75–633–State of Oklahoma v. Billy W. Rowell (Concealing Stolen Property).

This matter came on for hearing and the Petitioner appeared by counsel, Larry M. Spears, and the Respondents appearing by counsel, Oklahoma County Assistant District Attorney, Terry Flaugher; whereupon, the Court heard arguments of counsel and considered the Petitioner's exhibits and minute dockets, together with the authorities cited by the respective parties and assumed jurisdiction.

After considering the arguments, minutes, pleadings and exhibits of the respective parties, this Court finds that in Case No. CRF–75–357, Petitioner was arraigned in the Oklahoma County District Court on the 4th day of March, 1975, where a Motion to Quash was presented and the court sustained said motion, as reflected by the Appearance Docket, which reads as follows:

"3/4/75 ent: Mot to quash info sus as to both defts.

Case dismissed by court pursuant to CO 7–75–11"

From the record before us we find that although the Appearance Docket entry on the 4th day of March, 1975, reflects that the trial court sustained a Motion to Quash and dismiss in accordance with CO 7–75–11, such Order to Dismiss was, in fact, the sustaining of a demurrer to the information and dismissal thereof and the record does not affirmatively reflect that the State sought permission to refile a new information or that the court granted said permission or that the dismissal authorized the prosecution to refile a complaint or information.

We note that thereafter, the Appearance Docket relects the following:

"3–11–75 Filed mot to vacate order of dismissal & to reinstate cause of actions (order setting mot. for 3–21–75 at 3:00 p.m. . . ."

"3/21/75 Ent: Mot to vacate cont to 3/28/75 at 3 PM—Smith"

"3/28/75 Ent: The Ct reconsiders mot to quash info (which is treated as dem) & finds that prior ruling was erroneously made & therefore finds the mot to quash should by O/R. Arraignment to be had 4/4/75 at 2 PM before Judge Owens—Smith (Rowell) & Revels)"

A like and similar record is shown to exist in the other two cases, Nos. CRF–75–414 and CRF–75–633.

It is the position of the Petitioner that when the trial court, in effect, dismissed the informations on the 4th day of March, 1975, treating the Motions to Quash as Demurrers, the subsequent orders entered on the 28th day of March, 1975, were void. We agree.

The provisions of 22 O.S.1971, § 508, are as follows:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

In an unbroken line of decisions, this Court has uniformly held that when the trial court sustains a demurrer to an information, without directing that a new information be filed, the judgment is final and is a bar to further prosecution for the same offense. [Citations omitted]

We are of the opinion, and therefore hold, that the Orders dismissing the informations, entered on the 4th day of March, 1975, were final and the trial court

was without jurisdiction thereafter to attempt to vacate or set aside such Orders, even though they may have been based on an erroneous interpretation of law.

Although the Petitioner may not be tried on the offenses with which he was charged in the Oklahoma County District Court, Cases No. CRF–75–357, CRF–75–414 and CRF–75–633, it is readily apparent that the District Judges of the Seventh Judicial District were confronted with the problem of attempting to reconcile the provisions of 21 O.S.Supp.1974, § 1733 with 21 O.S.1971, § 1713, under which these cases were filed, and on two separate occasions arrived at different conclusions. For this, the judges cannot be criticized when one examines the provisions of 21 O.S.Supp.1974, § 1733, which are as follows:

"1733. THEFT

Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of his property:

1. Obtaining or exerting unauthorized control over property;

2. Obtaining by deception control over property;

3. Obtaining by threat control over property; or

4. Obtaining control over stolen property knowing the property to have been stolen by another.

Theft of property of the value of Fifty Dollars ($50.00) or more is punishable by imprisonment in the state penitentiary for not to exceed ten (10) years or fine not to exceed double the financial gain or by both such imprisonment and fine. Theft of property of the value of less than Fifty Dollars ($50.00) is punishable by imprisonment in the county jail for not to exceed one (1) year or fine not to exceed double the financial gain or by both such imprisonment and fine.

Laws 1974, c. 119, § 1."

We first observe that 21 O.S.Supp.1974, § 1733, supra, does not expressly contain a repealing clause; hence, if allowed to stand, this Court must attempt to construe the new statute where inconsistent with a prior enactment as repealing said prior act by implication if the two statutes cannot be harmonized. It is readily apparent from even the most cursory examination of the new statute, that a literal interpretation would, by implication, repeal many prior statutes concerning larceny, robbery by fear, embezzlement, etc.

We are of the opinion that to attempt to apply the statute and harmonize it with the other provisions of the penal code would be impossible since the statute is so broad in its scope and vague in its application. Although not squarely before us, we are of the opinion that 21 O.S.Supp.1974, § 1733, supra, is unconstitutionally vague for the above, and the following reasons.

In United States v. Brewer, 139 U.S. 278, 11 S.Ct. 538, 35 L.Ed. 190, the United States Supreme Court said:

"Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. * * * Before a man can be punished, his case must be plainly and unmistakably within the statute. . . ."

See also, United States v. Lacker, 134 U.S. 624, 628, 10 S.Ct. 625, 33 L.Ed. 1080. Also, it is stated in Ruling Case Law, Volume 25, § 64:

"Statutes which create and provide for the punishment of criminal offenses should be so clear and explicit that all persons of ordinary intelligence who are subject to these penalties may understand their provisions. If the meaning of a criminal Statute cannot be Judicially ascertained, or if in defining a criminal offense, it omits certain necessary and essential provisions which go to impress the acts committed as being wrongful and criminal, the courts are not at liberty to supply the deficiency or undertake to make the Statute definite and certain."

The language adopted in the case of United States v. Reese, 92 U.S. 214, 23 L.Ed. 563, is particularly applicable to this statute:

". . . Penal statutes ought not to be expressed in language so uncertain. If the Legislature undertakes to define by statute a new offense and provide for its punishment, it should express its will in language that need not deceive the common mind. Every man should be able to know with certainty when he is commiting a crime.

\*   \*   \*   \*   \*   \*

"It would certainly be dangerous if the Legislature could set a net large enough to catch all possible offenders and leave it to the courts to step inside and say who could be rightfully detained and who should be set at large. This would, to some extent, substitute the Judicial for the Legislative Department of the Government. . . ."

■ Section 1733 is Section 1 of Chapter 119, Session Laws of the Thirty-Fourth Legislature, passed and approved at the Second Regular Session thereof, and the same is now embraced within the statutes of this state as 21 O.S.Supp.1974, §§ 1733 to 1736, inclusive, and the same is hereby declared, in its entirety, to be unconstitutional.

Our holding today is prospective only and to be given retroactive effect only in those cases where the constitutionality of the statutes here involved were raised in the trial court and preserved in the Motion for New Trial. No retroactive effect shall be given in any post conviction proceeding where the constitutional issue was not raised in the trial court before the imposition of judgment and sentence.

For all of the above and foregoing reasons, the Judges of the Seventh Judicial District are permanently prohibited from further proceedings in Oklahoma County District Court Cases No. CRF–75–357, CRF–75–414 and CRF–75–633; and 21 O.

S.Supp.1974, §§ 1733 to 1736, inclusive, are declared to be unconstitutional.

Writ granted, and 21 O.S.Supp.1974, §§ 1733 to 1736, inclusive, held to be unconstitutional.

BRETT, P. J., and BLISS, J., concur.