**The STATE of Oklahoma, Appellant,**

v.

**Shirley OGDEN, Appellee.**

**No. O–79–603.**

Court of Criminal Appeals of Oklahoma.

May 13, 1981.

S. M. Fallis, Dist. Atty., Susan K. Morgan, Asst. Dist. Atty., for appellant .

Frank Keating, Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

Appellee, Shirley Ogden, was charged by information in Tulsa County District Court Case No. CRM–79–1269 with the misdemeanor offense of Unlawful Sale of Alcoholic Beverage, in violation of 37 O.S.1971, § 505. The judge sustained a demurrer to the information, ruling that § 505 does not apply to the sale of liquor by the drink by an employee of the drinking establishment in which the sale occurs. The State appeals purportedly upon a reserved question of law.

This issue has been resolved in the State's favor by the decision of this Court in *Hisaw v. State*, 603 P.2d 1167 (Okl.Cr. 1979), a decision handed down after the ruling at issue here. The sale of liquor by the drink is a sale of alcoholic beverage in a form not authorized anywhere in the Alcoholic Beverage Control Act, 37 O.S.1971, §§ 501 *et seq.* Hence, such a sale clearly violates the prohibition set out in 37 O.S. 1971, § 505. The employee making such a sale in the course of his or her employment in a drinking establishment is at least aiding and abetting an unlawful sale by the employer, and is liable as a principal under 21 O.S.1971, § 172. The proscriptions in § 505 and the open saloon law, 37 O.S.1971, § 538(h) and Okl.Const. Art. 27, § 4, will overlap in some cases. We are of the view

that in those cases, the choice of which statutory provision to charge under is a matter for the prosecutor's discretion. It would appear that the question thus posited should be decided in favor of the State.

 However, we are of the opinion that the State is not properly before the court in this matter. The 22 O.S.1971, § 1053 procedure for appealing on a reserved question of law applies only to review following a judgment of acquittal for the defendant or an order of the court authorized by law as an express bar to further prosecution. See *State v. Robinson*, 544 P.2d 545 (Okl.Cr.1975) and *State v. Lemmon*, 574 P.2d 1057 (Okl.Cr.1978). A demurrer to the information or indictment which is sustained by the court is a bar to further prosecution under 22 O.S.1971, § 508. However, § 508 has repeatedly been held by this Court to apply only to felony charges, not misdemeanors. Though this limitation was first expressed as a result of the old county court's lack of authority over grand juries, see *Ex Parte Dodson*, 3 Okl.Cr. 514, 107 P. 450 (1910), *Green v. State*, 33 Okl.Cr. 268, 243 P. 533 (1926) and *Ray v. Stevenson*, 71 Okl.Cr. 339, 111 P.2d 824 (1941), the same construction was suggested in *State v. Stout*, 90 Okl.Cr. 35, 210 P.2d 199 (1949), in the context of a demurrer to a misdemeanor information, thus clearly suggesting that such was the legislative intent in enacting § 508 and its predecessors. The Legislature has not amended § 508 or otherwise indicated that the court misread its intention, and has, in fact, long acquiesced in this judicial construction. Subsequent court reorganization, combining the powers of the various former courts, such as the county court, in the district court, does not compel a different conclusion, since the judicial construction was not grounded so much in the split in jurisdiction among the former courts as in the legislative intent at the time § 508 was enacted, as manifested thereby.

Accordingly, we are of the opinion that an appeal under 22 O.S.1971, § 1053 on a reserved question of law will not lie here. This is not to say that this Court could not entertain a petition for an extraordinary writ in the case of rulings on questions of law arising frequently but avoiding appellate review. Such is not the case here. The decision in *Hisaw*, supra, post-dated the ruling at issue here, and we are confident that further proceedings will not be, and are not being, conducted in a manner inconsistent with that decision.

Accordingly, the purported appeal by the State on a reserved question of law is hereby DISMISSED.

CORNISH, J., concurs.

BRETT, P. J., dissents.

BRETT, P. J., dissenting:

I respectfully dissent to this decision. Under the present Oklahoma Court System, the reasons formerly given for the inapplicability of 22 O.S.1971, § 508, are not justified. In *State v. Stout*, supra, this Court stated, concerning § 508 and other related sections:

"The above statutes apply only to felony cases, and do not apply in the case of misdemeanors for the reason that the county court is without authority to direct a case to be resubmitted to a grand jury."

When the court structure was reorganized by the 1969 amendment to Article VII, to the Oklahoma Constitution, the county court was abolished. Misdemeanor cases are now tried in the district court, which has authority to resubmit the case to another grand jury or direct that a new information be filed.