The STATE of Oklahoma, Appellant,

v.

Bobby Dale YOUNG and Cathy Almeta Wineland, Appellees.

No. S–93–168.

Court of Criminal Appeals of Oklahoma.

April 27, 1994.

*ACCELERATED DOCKET ORDER*

Appellees, Bobby Dale Young and Cathy Almeta Wineland, were charged in the District Court of Tulsa County, Case No. CM–92–1344 with Operating a Place Where Beer is Sold Without a License in violation of 37 O.S.1991, § 163.11. Prior to the trial, both defense attorneys demurred to the information on the grounds that 37 O.S.1991, § 217 was not applicable to the offense and that no punishment statute existed for the alleged violation. The Honorable William Musseman, Judge of the District Court, agreed with the defense attorneys, sustained the demurrer to the information and dismissed the case with costs to be paid by the State. It is from this Judgment that the State brings this appeal.

Pursuant to 22 O.S.Supp.1990, Ch. 18, App., Rules for the Court of Criminal Appeals, Rule 11.2, this appeal was automatically assigned to the Accelerated Docket of this Court. Appellees filed no response. Propositions of error were presented to this Court on June 24, 1993. At the conclusion of the argument, this Court took the matter under advisement. After a thorough consideration of the argument of counsel and the entire record before us on appeal, including the original record, by a vote of 4–0, we AFFIRM the trial court's decision as to the inapplicability of 37 O.S.1991, § 217 to 37 O.S.1991, § 163.11. However, we REVERSE the trial court's finding that there is no penalty provision for Section 163.11.

■ First, we note that this case involves a misdemeanor. However, under our current case law, an appeal under 22 O.S.1981, § 1053(1), within the mandate of 22 O.S.1991, § 504(4), will not lie in this Court, since we have held that Title 22 O.S., §§ 493—510 do not apply to misdemeanors. *See State v. Ogden*, 628 P.2d 1167, 1169 (Okl.Cr.1981) and *State v. Hammond*, 775 P.2d 826 (Okl.Cr. 1989).

■ We have re-examined those cases so holding and now adopt Judge Brett's well-reasoned dissent in *Ogden* at 1169 [1] and hold that Sections 493 through 510 apply to both felonies and misdemeanors. Insofar as this ruling conflicts with those cases decided after 1969, including the following cases, they are hereby overruled: *State v. Robinson*, 544 P.2d 545 (Okl.Cr.1975); *City of Tulsa v. Ellicott*, 636 P.2d 377 (Okl.Cr.1981); *Ogden, supra* and *Hammond, supra*. Also, to the extent that *City of Tulsa v. Ellicott, supra*, and other cases hold that an Information charging a misdemeanor may be filed more than once, they are hereby overruled.

---

1. Judge Brett reasoned:

"Under the present Oklahoma Court System, the reasons formerly given for the inapplicability of 22 O.S.1971, § 508, are not justified. In *Stout v. State*, [90 Okl.Cr. 35, 210 P.2d 199 (1949)] supra, this Court stated, concerning § 508 and other related sections:

'The above statutes apply only to felony cases, and do not apply in the case of misdemeanors for the reason that the county court is without authority to direct a case to be resubmitted to a grand jury.'

When the court structure was reorganized by the 1969 amendment to Article VII, to the Oklahoma Constitution, the county court was abolished. Misdemeanor cases are now tried in the district court, which has authority to resubmit the case to another grand jury or direct that a new information be filed."

■ In accordance with today's holding, this appeal has been properly brought under § 1053(1). As to the ruling that there is no applicable punishment provision for the violation of 37 O.S.1991, § 163.11, we do not agree. Title 37 O.S.1991, § 163.20 provides as follows:

> Any person who shall engage in the sale of nonintoxicating beverages in violation of the revisions of this act [2] shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished for such misdemeanor as provided for by the general statutes of this state.

Said provision was enacted by Laws 1947, p. 296, § 20 and is still in effect and controlling in this case.

■ The effect of the trial court's sustaining of the demurrer is governed by the provisions of 22 O.S.1991, § 508, which provides:

> If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, *unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct* the case to be resubmitted to the same or another grand jury, *or that a new information be filed.*

In this case, the trial judge, believing that no punishment provision existed, dismissed the case with costs to be paid by the State. It is unlikely that the trial court believed the objection on which the demurrer was sustained could be avoided in a new information being filed. The trial court did not direct that a new information be filed. Unfortunately, we must hold that the order dismissing the information, although based on an erroneous interpretation of the law, is final and is a bar to a subsequent prosecution for the same offense. See *Rowell v. Smith*, 534 P.2d 689, 690 (Okl.Cr.1975).

Accordingly, this case must be **REMANDED WITH INSTRUCTIONS TO DISMISS.**

IT IS SO ORDERED.

2. Section 163.1 et seq. of this title.

/s/  Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/  James F. Lane
JAMES F. LANE, Judge

/s/  Charles S. Chapel
CHARLES S. CHAPEL, Judge

LUMPKIN, P.J., specially concurs and files opinion.

LUMPKIN, Presiding Judge, specially concurring:

I concur in the Order of the Court. I write specially only to elaborate on why the State cannot further prosecute this particular action.

*Rowell v. Smith*, 534 P.2d 689 (Okl.Cr. 1975), cited as authority for this bar, comes from a long line of cases making it clear further prosecution is barred, not because of any Jeopardy considerations, but because of statutory ones. The sustaining of a Demurrer to the indictment or information constitutes a statutory bar to another prosecution for the same offense unless it appears of record that the trial court at the time directed the case to be resubmitted or a new information to be filed. Section 508 of Title 22 of the Oklahoma Statutes. In fact, as this Court stated in *State v. Walton*, 30 Okl.Cr. 416, 236 P. 629, 632 (1925):

> A judgment is the final consideration and determination of a court of competent jurisdiction on the matters submitted to it, and a judgment sustaining a demurrer under the statute is as far-reaching and conclusive as to the defendant's liability for the crime charged as though it has been rendered upon a verdict of not guilty, where the court does not order a resubmission of the case, or direct that a new information be filed.

*Id.*, 30 Okl.Cr. at 422, 236 P. 629. *See also State v. Mazurek*, 546 P.2d 1327, 1328–29 (Okl.Cr.1976), analyzing the applicable statutes; *State v. Tyler*, 82 Okl.Crim. 112, 118–19, 166 P.2d 1015 (1946) and cases cited therein; *State v. Waldrep*, 80 Okl.Crim. 230,

236–37, 158 P.2d 368 (1945) and cases cited therein.

In other words, since this Court has now held prosecutors enjoy the same advantages in appealing misdemeanors as they do in appealing felonies, prosecutors must also share the same limitations in misdemeanor as in felony cases.

It may seem somewhat unfair to preclude the State from further prosecution in a case simply because the judge erred in his interpretation of the law. However, the proper remedy is better addressed to the Legislature to change the applicable provisions of the law, rather than to this Court to ignore them.