STATE v. HUDSON
2022 OK CR 28
Case Number: PR-2022-664
Decided: 10/25/2022
STATE OF OKLAHOMA, Petitioner v. HUDSON, Respondent
As Corrected: October 28, 2022
Cite as: 2022 OK CR 28, __ __

 

STATE OF OKLAHOMA, Petitioner,
v.
THE HON. PERRY HUDSON, SPECIAL JUDGE, OKLAHOMA COUNTY, 7TH JUDICIAL DISTRICT, Respondent.

ORDER GRANTING THE STATE EXTRAORDINARY RELIEF AND
REMANDING THE MATTER TO THE DISTRICT COURT

¶1 On August 3, 2022, Petitioner, through Assistant District Attorney McKenzie McMahan, filed a petition for extraordinary relief with the Clerk of this Court requesting this Court stay trial court proceedings in Oklahoma County District Court Case No. CM-2021-3390 and prohibit the trial court from considering the defendant's Motion to Quash for Insufficient Evidence pursuant to 22 O.S.2011, § 504.1

¶2 On November 19, 2021, the defendant was charged with Obstructing a Roadway (69 O.S.2011, § 121347 O.S.2011, § 11-10322 O.S.2011, § 504.1State v. Young, 1994 OK CR 25874 P.2d 57

¶3 On August 9, 2022, this Court issued an order staying trial court proceedings and directing Special Judge Hudson to file a response to the issues raised in Petitioner's pleadings filed with this Court. Young authorize a trial court's consideration of motions to quash in misdemeanor cases. In Young this Court held "that Sections 493 through 510 [of Tile 22] apply to both felonies and misdemeanors." Young, 1994 OK CR 25Young to hold that motions to quash for insufficient evidence pursuant to Section 504.1 should be permitted in misdemeanor cases. Respondent maintains the language in Section 504.1, limiting such motions to felony cases, was interpreted in Young to allow the trial court to consider a demurrer to the information in a misdemeanor case.

¶4 According to Respondent, any doubts that Young controls in this case were answered by this Court in two unpublished orders, Howard v. The Honorable R. L. Hert, No. MA-2017-70 (Okl.Cr. April 6, 2017) (not for publication) and Nehring v. The Honorable Paul K. Woodward, No. MA-2017-752 (Okl.Cr. August 2, 2017) (not for publication). In these mandamus actions, this Court directed the trial court to entertain motions to quash for insufficient evidence in misdemeanor cases. In both, this Court granted relief over arguments similar to those made by Petitioner in this case. We hereby find that the results reached in these unpublished summary opinions were erroneous.

¶5 Notwithstanding previous unpublished decisions of this Court to the contrary, we now find that to the extent Young suggests the right to file a motion to quash for insufficient evidence extends to misdemeanor cases, our holding was overbroad and cannot withstand scrutiny under the plain language of Section 504.1. Young decided a state appeal pursuant to 22 O.S.2011, § 105322 O.S.2011, § 504Young, 1994 OK CR 25Young, this Court reversed its previous position iterated in State v. Ogden that demurrers to the information were inappropriate in misdemeanor cases. Id.; see also State v. Ogden, 1981 OK CR 57628 P.2d 1167overruled by State v. Hammond, 1989 OK CR 25775 P.2d 826overruled by Young, 1994 OK CR 25874 P.2d 57 did not contemplate motions to quash pursuant to Section 504.1 in Young or Ogden. The analysis in Young is inapposite in this case because, unlike Section 504.1, the applicable statutes in that case dealing with demurrers were silent regarding whether their applications were limited to cases involving felonies. See 22 O.S.2011, §§ 504Young that:

First, we note that this case involves a misdemeanor. However, under our current case law, an appeal under 22 O.S.1981, § 105322 O.S.1991, § 504See State v. Ogden, 628 P.2d 1167State v. Hammond, 775 P.2d 826

We have re-examined those cases so holding and now adopt Judge Brett's well-reasoned dissent in Ogden at 11691 and hold that Sections 493 through 510 apply to both felonies and misdemeanors....

Young, 1994 OK CR 25

¶6 Unlike the statutes dealing with demurrers, Section 504.1 unequivocally limits motions to quash to felony cases. It specifically states that a "defendant may file a motion to quash for insufficient evidence in felony cases after preliminary hearing." 22 O.S.2011, § 504.1Young and Ogden, which have nothing to do with motions to quash for insufficient evidence, regarding applicability of Sections 493 through 510 of Title 22, do not incorporate by reference the specific language found in Section 504.1. This Court is not vested with the power to enlarge a statute beyond its plain language. State v. Tran, 2007 OK CR 39172 P.3d 199State v. Delso, 2013 OK CR 5298 P.3d 1192Whitman v. District Court of Oklahoma County, 1967 OK CR 12423 P.2d 74022 O.S.2011, § 1053

¶7 For a writ of prohibition, Petitioner must establish: (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022). Petitioner has established that a trial court considering a motion to quash a misdemeanor charge for insufficient evidence pursuant to Section 504.1 is unauthorized by law.

¶8 As a result, Petitioner has established that it is entitled to the relief sought in Oklahoma County District Court Case No. CM-2021-3390. Petitioner's request for extraordinary relief is GRANTED. The trial court's order setting the motion to quash for insufficient evidence for an August 18, 2022, hearing on the motion's merits is VACATED. The stay of proceedings imposed by this Court in an Order issued August 9, 2022, is hereby LIFTED.

¶9 IT IS SO ORDERED.

¶10 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 25th day of October, 2022.

/s/SCOTT ROWLAND, Presiding Judge

/s/ROBERT L. HUDSON, Vice Presiding Judge

/s/GARY L. LUMPKIN, Judge
Special Concur with writing

/s/DAVID B. LEWIS, Judge

/s/WILLIAM J. MUSSEMAN, Judge

ATTEST:
/s/John D. Hadden
Clerk

FOOTNOTES

22 O.S.2011, § 504Young was handed down by this Court on April 27, 1994.

 

 

LUMPKIN, JUDGE, SPECIALLY CONCUR:

¶1 I concur in granting Petitioner's request for extraordinary relief but write separately to more thoroughly address the law supporting today's decision. The procedures to be followed in misdemeanor and felony cases are set out in the Oklahoma Constitution and statutes. See Okla. Const. Art. 2 §§ 17, 19, 20; 21 O.S.2011, §§ 4-10; 22 O.S.2011, §§ 176-177, 185, 231-234, 301, 470, 493, 504, 504.1, 505, 524, 912, 1053.

¶2 Most pertinent to this case is 22 O.S.Supp.2020, § 258See also State v. Delso, 2013 OK CR 5

¶3 Challenges to the Information may be brought by a demurrer in both felony and misdemeanor cases because the motion goes to the face of the Information and not the underlying evidence supporting the Information. 22 O.S.2011, § 504Parker v. State, 1996 OK CR 19917 P.2d 980

¶4 Rather than taking a carte blanche overbroad approach, this Court must review each statute separately to determine its application in misdemeanor or felony cases based on the language of the statute and procedures that apply in each individual type of case. The language this Court used in State v. Young regarding motions to quash in misdemeanor cases was overbroad and not consistent with the language of the applicable statutes. This Court is bound by the language of the statute and cannot expand that language; only the Legislature can amend a statute.

¶5 To the extent prior unpublished orders relied on State v. Young, those orders need not be overruled as they are not legal precedent. However, going forward the law as expressed in this case should be followed.