Alfred WHITMAN, Sr., Petitioner,

v.

**DISTRICT COURT OF OKLAHOMA COUN-
TY, Oklahoma, and Honorable Jack R.
Parr, District Judge, Respondents.**

No. A–14121.

Court of Criminal Appeals of Oklahoma.

Feb. 1, 1967.

James E. Grigsby, Oklahoma City, for petitioner.

Curtis Harris, Dist. Atty., Oklahoma County, D. K. Cunningham, and James L. Schwartz, Asst. Dist. Attys., for respondents.

NIX, Presiding Judge:

This cause came on for hearing on the 17th day of January, 1967, on petitioner's application for a Writ of Prohibition or Mandamus, seeking an order of this Court compelling the District Court of Oklahoma County to conduct a hearing on petitioner's Motion to Quash, and take testimony from witnesses.

Petitioner was charged in Justice of the Peace Court, following which a preliminary hearing was held. On the basis of the testimony of witnesses produced at said preliminary hearing, petitioner was bound over to District Court on a charge of Grand Larceny by Fraud.

Petitioner filed his Motion to Quash and Set Aside the Information in the District Court three days later, on the grounds that the evidence introduced before the committing magistrate was insufficient upon which to base the information and did not show probable cause. Petitioner further asked the District Court for an order to examine witnesses in support of his motion. On November 3, 1966, the Honorable Jack R. Parr, District Judge of Oklahoma County overruled these motions, refusing to allow petitioner to produce and examine witnesses.

Petitioner then filed this action in our Court, praying for a Writ of Prohibition commanding the respondents to refrain from conducting a trial upon the information until petitioner is granted an opportunity to present evidence that insufficient testimony and evidence was presented at the preliminary hearing.

There was no transcript of the preliminary hearing presented to the district judge, nor to this Court; and cannot be, as there evidently was no request for a reporter to take the testimony at said preliminary.

Title 22, Okl.St.Ann. § 258, provides:

"First: The witnesses must be examined in the presence of the defendant, and may be cross-examined by him. On the request of the county attorney, or the defendant, all the testimony must be reduced to writing in the form of questions and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, by the examining magistrate, and may be used as provided in 22 O.S. 1951 § 333. In no cases shall the county be liable for the expense in reducing such testimony to writing, unless ordered by the judge of a court of record. * * *"

Petitioner alleges that Title 22, Okl.St.Ann. §§ 493, 494, 495 and 496, provide the authority for his request to examine witnesses. However, the wording of § 493, supra, is as follows:

"The indictment or *information must be set aside by the court, in which the defendant is arraigned, and upon his motion in any of the following cases:*

1. *When it is not found, indorsed, presented or filed, as prescribed by the statutes* or when the grand jury is not drawn and impaneled as provided by law, and that fact is known to the defendant at or before the time the jury is sworn to try the cause: * * *." [emphasis ours]

These sections provide a remedy for persons accused under grand jury indictment, who have had no preliminary hearing, to question witnesses.

The proper procedure to quash an information for reason of the insufficiency of the evidence presented at the preliminary hearing should be brought under § 258, supra; wherein the testimony of the preliminary hearing is reported, transcribed, and made a part of said Motion to Quash when presented to the district judge.

Where the defendant fails to take advantage of this right to have the preliminary hearing reported and transcribed, he presents nothing to the district judge to be determined, for the sole question is *whether the evidence presented at the preliminary hearing was sufficient,* and without a transcript, this would be an impossibility.

And, further, to seek a ruling of this Court by means of Mandamus or Prohibition, as in this cause, the Motion to Quash with the transcript of the preliminary hearing attached must be filed with said petition.

Where this is not done, this Court will decline jurisdiction, and the writ prayed for is accordingly, denied.

BUSSEY and BRETT, JJ., concur.