2013 OK CR 5

**STATE of Oklahoma, Appellant,**

v.

**Logan DELSO, Appellee.**

No. S–2012–258.

Court of Criminal Appeals of Oklahoma.

March 27, 2013.

An Appeal from the District Court of Okmulgee County; the Honorable Kenneth E. Adair, District Judge.

O.R. Barris, III, District Attorney, Carol Iski, Assistant District Attorney, Okmulgee, OK, for the State.

Carol Seacat, Dennis F. Seacat, Okmulgee, OK, for Appellee.

## SUMMARY OPINION

LUMPKIN, Judge.

¶ 1 Appellee Logan Delso was charged in the District Court of Okmulgee County with Use of a Vehicle in the Discharge of a Weapon (21 O.S.Supp.2007, § 652(B)) (Count I) and Felony Discharging Firearm into a Dwelling (21 O.S.2001, § 1289.17A) (Count II), Case No. CF–2011–211. The Appellee appeared for a pre-preliminary hearing with counsel and waived his right to a preliminary hearing as well as his right to be arraigned within thirty days. At his District Court Arraignment, Appellee entered pleas of not guilty to both counts and his case was set for jury trial. Prior to trial, Appellee filed a Motion to Dismiss alleging that the discovery materials did not support the elements of the offense. At the hearing on the motion, defense counsel did not present any witnesses or evidence but argued that the investigative reports showed that no bullet holes were found in the residence, that the only bullet holes found were those in the detached garage and the detached garage was not part of

the "dwelling" within the meaning of the statute. Therefore, the evidence was not sufficient to support a prosecution in Count Two.

¶ 2 The State stipulated to the fact that the garage was detached and was not part of the dwelling. However, the prosecutor argued that the defense did not properly reference all of the discovery materials and that a report by the Okmulgee County Sheriff and statements by the homeowner and others at the home at the time of the shooting showed that Appellee fired several rounds at the house and that Appellee confessed to "shooting at the residence". The prosecutor argued that enough evidence had been produced showing that shots had been fired at the house and that the charge should be sent to a jury for their resolution of the factual dispute. The trial court disagreed finding the evidence foreclosed a prosecution for feloniously discharging a firearm into a dwelling and dismissed Count Two. The State announced its intent to appeal and lodged this appeal.

¶ 3 The State now appeals from the District Court's decision pursuant to 22 O.S. 2011, § 1053(4) and raises the following proposition of error:

I. The trial court erred in sustaining the Motion to Dismiss as to Count Two.

¶ 4 After thorough consideration of this proposition of error and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we find the ruling of the District Court granting the motion to dismiss in Count Two should be reversed and the case remanded to the District Court for further proceedings consistent with this opinion.

¶ 5 While the pleading at issue in this case is entitled "motion to dismiss", it challenges the sufficiency of the evidence and therefore is essentially a motion to quash. Title 22 O.S.2011, § 504.1(A) allows a defendant to file a motion to quash for insufficient evidence in felony cases after preliminary hearing. The defendant must establish beyond the face of the indictment or information that there is insufficient evidence to prove any one of the necessary elements of

the offense for which the defendant is charged. Title 22 O.S.2011, § 1053(4), establishes an appeal by the State upon a judgment for the defendant on a motion to quash for insufficient evidence in a felony matter. *State v. Davis*, 1991 OK CR 123, ¶ 4, 823 P.2d 367, 369. In appeals brought to this Court pursuant to 22 O.S.2011, § 1053, this Court reviews the trial court's decision to determine if the trial court abused its discretion. *State v. Hooley*, 2012 OK CR 3, ¶ 4, 269 P.3d 949, 950. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue. *Cuesta–Rodriguez v. State*, 2010 OK CR 23, ¶ 19, 241 P.3d 214, 225. An abuse of discretion has also been described as "a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." *Stouffer v. State*, 2006 OK CR 46, ¶ 60, 147 P.3d 245, 263 (internal citation omitted). *See also Neloms v. State*, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶ 6 The situation presented by this case has not been addressed previously by this Court. In a related issue, this Court has held that a preliminary hearing transcript is required for perfection of a motion to quash for insufficient evidence in the district court. In *Whitman v. District Court of Oklahoma County*, 1967 OK CR 12, 423 P.2d 740, a preliminary hearing was held but no transcript of the proceedings was made. After the case was set for trial in District Court, the defendant filed a motion to quash for insufficient evidence, and asked for a hearing at which he would present and question witnesses. The district court refused, and the defendant filed a Writ of Prohibition in this Court. We found that the proper procedure for a motion to quash for insufficient evidence required that the preliminary hearing transcript be presented to the trial court. *Id.*, 1967 OK CR 12, ¶ 8, 423 P.2d at 742. We reasoned, "[W]here the defendant fails to take advantage of this right to have the preliminary hearing reported and transcribed, he presents nothing to the district judge to be determined, for the sole question is whether the evidence presented at the preliminary hearing was sufficient, and without a transcript, this would be an impossibility." *Id.*, 1967 OK CR 12, ¶ 9, 423 P.2d at 742. We further declined jurisdiction over the defendant's writ because a copy of the preliminary hearing transcript was not included with the petition to this Court. *Id.*, 1967 OK CR 12, ¶¶ 9–10, 423 P.2d at 742.[1] *See also Owens v. State*, 1968 OK CR 42, ¶ 8, 438 P.2d 21, 23 (the proper method of questioning the sufficiency of evidence offered at preliminary hearing was to have the hearing recorded, transcribed, and offered as evidence in support of the motion).

¶ 7 In the present case, by virtue of his waiver of preliminary hearing, the Appellee had no evidence to present to the District Court to support his burden of proving that the evidence was insufficient to prove any one of the necessary elements of the charged offense. Trial court rulings are to be based on evidence. Argument based upon discovery material does not constitute evidence. Therefore, as there is no evidence in the record to support the trial court's ruling, we find the District Court abused its discretion in sustaining the Motion to Dismiss Count Two.

### DECISION

¶ 8 **The ruling of the District Court granting the motion to dismiss Count Two is REVERSED** and the case is **REMANDED** to the District Court for further proceedings consistent with this opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2013), the MANDATE is ORDERED issued upon delivery and filing of this decision.

LEWIS, P.J. concur in result.

SMITH, V.P.J., C. JOHNSON and A. JOHNSON, JJ.: concur.

---

1. This is the same interpretation placed on *Whitman in State of Oklahoma v. Howard*, No. S–2010–1037 (Okl.Cr.Sept. 28, 2011) (not for publication).