STATE v. ROBERSON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. ROBERSON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. ROBERSON
2021 OK CR 16
Case Number: S-2020-550
Decided: 06/17/2021
STATE OF OKLAHOMA, Appellant v. BRANDON JAMES ROBERSON, Appellee.
Cite as: 2021 OK CR 16, __ __

 

 

OPINION

LUMPKIN, JUDGE:

¶1 Appellee, Brandon James Roberson, was charged by Information in the District Court of Tulsa County, Case No. CF-2019-2792, with Trafficking in Illegal Drugs in concert with Katelyn Turner, in violation of 63 O.S.Supp.2019, § 2-415, two counts of Unlawful Possession of a Controlled Drug with Intent to Distribute in concert with Katelyn Turner, in violation of 63 O.S.Supp.2018, § 2-401, Possession of Controlled Drugs Without Tax Stamp Affixed in concert with Katelyn Turner, in violation of 68 O.S.2011, § 450.8, Acquire Proceeds from Drug Activity in concert with Katelyn Turner, in violation of 63 O.S.2011, § 2-503.1, Unlawful Possession of Drug Paraphernalia in violation of 63 O.S.2011, § 2-405 and Gang-Related Offense, in violation of 21 O.S.2011, § 856.3. On September 10, 2019, the Honorable J. Anthony Miller, Special Judge, bound Appellee over for trial on all counts.

¶2 At a hearing held August 11, 2020, the Honorable Clifford J. Smith, District Judge, sustained Appellee's motion to suppress. The State announced its intent to appeal in open court. The State timely filed its written Notice of Intent to Appeal and Designation of Record seeking to appeal pursuant to subsection 5 of 22 O.S.2011, § 1053. As the District Court granted Appellee's motion to suppress, effectively preventing the State from proceeding further in this matter, we find that the State may properly proceed on appeal pursuant to § 1053(5). State v. Morgan, 2019 OK CR 26, ¶ 5, 452 P.3d 434, 436.

¶3 In its sole proposition of error, the State argues the District Court abused its discretion by concluding that officers didn't have probable cause to search Appellee's vehicle. Judge Smith granted the motion to suppress, finding lack of probable cause since there was no basis for the officers to determine the marijuana Appellee told them about in the vehicle was illegal rather than lawful medicinal marijuana.

¶4 In appeals brought to this Court pursuant to 22 O.S.2011, § 1053, this Court reviews the trial court's decision to determine if the trial court abused its discretion. Delso v. State, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194; State v. Hooley, 2012 OK CR 3, ¶ 4, 269 P.3d 949, 950. An abuse of discretion has been defined as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented or, stated otherwise, any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue. State v. Nelson, 2015 OK CR 10, ¶ 11, 356 P.3d 1113, 1117.

¶5 A review of the record reveals the following: Officer Chris Beyerl and his partner saw a black SUV with an expired tag leave the parking lot of a known drug motel; the driver, Appellee, was not wearing a seat belt; the passenger, Katelyn Turner, ducked down as if she were hiding something as they pulled the vehicle over; Appellee could not produce a driver's license and he was nervous; Turner also failed initially to produce a driver's license; Appellee sported Irish Mob tattoos; and a records check revealed both Appellee and Turner had extensive criminal records, including drug convictions.

¶6 As an initial matter, there is no question of the propriety of the traffic stop. Beyerl saw Appellee commit a seatbelt violation and he saw an expired tag on Appellee's vehicle. See Dufries v. State, 2006 OK CR 13, ¶ 8, 133 P.3d 887, 889 (holding traffic stop is reasonable where officer has probable cause to believe a traffic violation has occurred).

¶7 The Supreme Court holds that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject to a few specific exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). One of these exceptions is the automobile exception. See Carroll v. United States, 267 U.S. 132, 153-54 (1925) (establishing the "automobile exception" based on the mobility of the vehicle). Under this exception, "police officers who have probable cause to believe there is contraband inside an automobile that has been stopped on the road may search it without obtaining a warrant." Florida v. Meyers, 466 U.S. 380, 381 (1984). In order for a traffic stop to be valid, both the stop itself and any inquiry following the stop must be reasonably related in scope to the justification for the stop. McGaughey v. State, 2001 OK CR 33, ¶ 27, 37 P.3d 130, 137. Ordinarily, an individual may not be detained once the purpose of the stop has been fulfilled. Id. However, police may continue to detain a defendant if the officer develops reasonable suspicion that a crime is being committed or if the defendant consents to further interaction. State v. Goins, 2004 OK CR 5, ¶ 13, 84 P.3d 767, 770 (citing United States v. Hunnicutt, 135 F.3d 1345, 1349 (10th Cir. 1998)).

¶8 Whether an officer has a reasonable suspicion which allows him to detain an individual is based upon the totality of the circumstances. United States v. Arvizu, 534 U.S. 266, 273 (2002). This Court follows the reasoning of Arvizu. See State v. Bass, 2013 OK CR 7, ¶¶ 12-18, 300 P.3d 1193, 1196-98 (examining the totality of the circumstances the officer articulated and determining that the appellant's inconsistent statements to the officer about the vehicle rental, his destination, the duration of his travel, as well as his nervousness, all supported a finding that the officer had reasonable suspicion to detain the appellant).

¶9 The location of a traffic stop in a known area of criminal activity is a contributor to reasonable suspicion. See Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (noting that the location of a traffic-stop in a "high crime area" is one of the "relevant contextual considerations" when assessing reasonable suspicion). Criminal history of a driver also contributes to reasonable suspicion when combined with other factors. United States v. Morales, 961 F.3d 1086, 1092 (10th Cir. 2020). Additionally, nervousness on the part of a driver is a factor in determining reasonable suspicion. Bass, 2013 OK CR 7, ¶ 16, 300 P.3d at 1197 (finding the driver's nervousness along with other factors supported a finding of reasonable suspicion). Based upon the facts shown in the record, we find Beyerl had reasonable suspicion to further question Appellee.

¶10 During further questioning, after telling Beyerl he did not want him to search his vehicle, Appellee told Beyerl there was a small amount of marijuana in the vehicle ash tray. After Beyerl got inside the vehicle to look for the marijuana, he smelled a strong odor of raw marijuana and proceeded to search the entire vehicle. Ultimately, his findings led to the issuance of a search warrant for Appellee's and Turner's motel room where police found contraband.

¶11 We now address the issue of whether legalization of medical marijuana in any way limits an officer's development of probable cause resulting from the existence of or odor of marijuana in a vehicle. In Oklahoma legal marijuana possession is limited to those holding medical marijuana licenses and the amounts are strictly circumscribed by statute and administrative rules. See 63 O.S.Supp.2019, § 420(A) and (B); Okla. Admin. Code § 310:681-2-8 (2020). When no medical marijuana license is involved, possession of marijuana is prohibited pursuant to 63 O.S.Supp.2017, § 2-402(A)(1) ("It shall be unlawful for any person knowingly or intentionally to possess a controlled dangerous substance unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his or her professional practice, or except as otherwise authorized by this act.").

¶12 That marijuana possession is legal in Oklahoma for those who are issued a valid medical marijuana license does not change the fact that marijuana possession otherwise is generally a crime in Oklahoma. Several states have determined that decriminalization of marijuana does not equate to blanket legalization and thus, the odor (or presence) of marijuana remains a factor indicating criminal activity despite statutes which decriminalize marijuana possession in certain circumstances. See, e.g., Robinson v. State, 451 Md. 94, 152 A.3d 661, 681 (2017) (concluding that a recent amendment to Maryland's marijuana statute decriminalizing, but not legalizing, the possession of less than 10 grams of marijuana did not "alter existing case law concerning the search, seizure, and forfeiture of marijuana, which remains illegal" and that a "warrantless search of a vehicle is permissible upon detection of the odor of marijuana emanating from the vehicle"); People v. Zuniga, 2016 CO 52, ¶¶ 23, 28, 372 P.3d 1052, 1059-1060 (concluding that "the odor of marijuana remains relevant to probable cause determinations and can support an inference that a crime is ongoing even though possession of one ounce or less of marijuana is allowed [pursuant to a new] Colorado law" because "a substantial number of other marijuana-related activities remain unlawful," and thus "the odor of marijuana is still suggestive of criminal activity"); State v. Senna, 2013 VT 67, ¶ 16, 194 Vt. 283, 79 A.3d 45, 51 (concluding that the passage of Vermont's medical marijuana law "does not undermine the significance of the smell of marijuana as an indicator of criminal activity"); and State v. Sisco, 239 Ariz. 532, 373 P.3d 549, ¶¶ 16-17, 553-54 (2016) (rejecting the argument the odor of marijuana no longer provided law enforcement officers with probable cause to believe that criminal activity is taking place following the passage of Arizona's medical marijuana statute, which "makes marijuana legal in only limited circumstances," because "the odor of marijuana in most circumstances will warrant a reasonable person believing there is a fair probability that contraband or evidence of a crime is present.").

¶13 The above cases are well-reasoned and while not binding precedent on this Court their analyses should inform this Court's resolution of the issue herein. The decriminalization of marijuana possession for those holding medical marijuana licenses in no way affects a police officer's formation of probable cause based upon the presence or odor of marijuana.

¶14 Applying this rationale to the instant case, review of the record reveals Beyerl had probable cause to search the vehicle. Appellee told Beyerl there was marijuana, albeit a small amount, in the vehicle ash tray. Appellee's disclosure that there was marijuana in his vehicle gave Beyerl probable cause to search it. See United States v. Bradford, 423 F.3d 1149, 1159-1160 (10th Cir. 2005) (driver's admission that she had marijuana in the car gave the officer probable cause to search it). After Beyerl got inside the vehicle to look for the marijuana, he smelled a strong odor of raw marijuana. The smell of marijuana provided further probable cause to extend the stop and expand the search. See Lozoya v. State, 1996 OK CR 55, ¶ 35, 932 P.2d 22, 33 (odor of marijuana constituted probable cause to search vehicle).

¶15 While the production of a medical marijuana license may constitute an affirmative defense to the crime, in this case the officer's determination of probable cause was not affected given the totality of all the circumstances. We find the trial court abused its discretion in granting Appellee's motion to suppress. The State's appeal is granted and the matter is reversed and remanded to the District Court for further proceedings consistent with this Opinion.

DECISION

¶16 The order of the District Court of Tulsa County granting the motion to suppress is REVERSED. The matter is REMANDED for further proceedings consistent with this Opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE CLIFFORD J. SMITH, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT HEARING
 
 
 APPEARANCES ON APPEAL
 
 
 
 
  
 
 
  
 
 
 
 
 MATT KEHOE
 ASST. DISTRICT ATTORNEY
 500 S. DENVER
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 STEPHEN A. KUNZWEILER
 DISTRICT ATTORNEY
 MATT KEHOE
 ASST. DISTRICT ATTORNEY
 500 S. DENVER
 TULSA, OK 74103
 COUNSEL FOR APPELLANT
 
 
 
 
  
 
 
  
 
 
 
 
 JANAY CLOUGHERTY
 ASST. PUBLIC DEFENDER
 423 S. BOULDER, #300
 TULSA, OK 74103
 COUNSEL FOR DEFENDANT
 
 
 STUART W. SOUTHERLAND
 ASST. PUBLIC DEFENDER
 423 S. BOULDER, #300
 TULSA, OK 74103
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: LUMPKIN, J.
KUEHN, P.J..: Concur
ROWLAND, V.P.J.: Concur
LEWIS, J.: Specially Concur
HUDSON, J.: Specially Concur

 

 

LEWIS, J., SPECIALLY CONCURRING

¶1 I specially concur. The expired tag and seatbelt violation justified the initial traffic stop. Dufries v. State, 2006 OK CR 13, ¶ 8, 133 P.3d 887, 889 (citing Whren v. United States, 517 U.S. 806, 809-810 (1996)). Appellee's admission that there might be marijuana in the vehicle, and the smell of marijuana in the interior, supplied probable cause to search the vehicle, for the simple reason that possession of marijuana under some circumstances remains a crime in Oklahoma. McGaughey v. State, 2001 OK CR 33, ¶ 45, 37 P.3d 130, 143 (citing Skelly v. State, 1994 OK CR 55, 880 P.2d 401, 405-407)). Aside from recent statutes making the licensed possession of marijuana legal, nothing about the circumstances here necessarily compelled the conclusion that the apparent presence of marijuana was wholly innocent. Probable cause demands nothing more, or less, than a fair probability that contraband or evidence of a crime will be found. Illinois v. Gates, 462 U.S. 213, 238 (1983).

¶2 The vehicle search based on probable cause led to the discovery of methamphetamine and some three thousand dollars which, along with other facts, resulted in the issuance of a warrant to search Appellee's motel room, where additional drugs and evidence were found. As Appellee points out, "[t]he motel room was where the contraband that Appellee has been charged with possessing was found." Even if we found the trial court had not abused its discretion in finding the vehicle search lacked probable cause, we should still reverse, because the legality of that search does not determine the outcome here.

¶3 The Fourth Amendment's exclusionary rule ordinarily does not require the suppression of evidence obtained during the good faith execution of a search warrant. United States v. Leon, 468 U.S. 897, 922 (1984); State v. Sittingdown, 2010 OK CR 22, ¶ 17, 240 P.3d 714, 718. Under the good faith doctrine, suppression remains appropriate only in limited instances: if the affiant misled the issuing magistrate with knowing or reckless falsehoods; if the magistrate abandoned the neutral judicial role; or if a "bare bones" affidavit was so lacking in indicia of probable cause, or so deficient in failing to describe the location and objects of the search--that the executing officers could not reasonably presume it to be valid. Leon, 468 U.S. at 923.

¶4 Thus, even if the vehicle search lacked probable cause, and that illicit search had supplied tainted facts to support the subsequent warrant, the record is devoid of anything suggesting that the warrant itself was obtained or executed in bad faith, or that the fruits of that judicially authorized search should be suppressed for any of the reasons identified in Leon. I therefore specially concur in the reversal of the trial court's suppression order.

 

 

HUDSON, J., SPECIALLY CONCURRING:

¶1 I concur in today's decision. I write separately to expand upon the Court's finding that Officer Beyerl had probable cause to search when Appellee admitted that a small amount of marijuana was in his vehicle. This is the only logical conclusion. To determine otherwise, "we would create a perverse incentive for drug smugglers carrying large amounts of contraband to confess to small amounts of marijuana to avoid further inspection." United States v. Bradford, 423 F.3d 1149, 1160 (10th Cir. 2005). The admitted presence or odor of marijuana thus must remain a factor indicating criminal activity despite Oklahoma's medical marijuana laws.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 55, 880 P.2d 401, SKELLY v. STATE
Discussed
 1996 OK CR 55, 932 P.2d 22, Lozoya v. State
Discussed
 2001 OK CR 33, 37 P.3d 130, 72 OBJ 3431, MCGAUGHEY v. STATE
Discussed at Length
 2004 OK CR 5, 84 P.3d 767, STATE v. GOINS
Discussed
 2006 OK CR 13, 133 P.3d 887, DUFRIES v. STATE
Discussed at Length
 2010 OK CR 22, 240 P.3d 714, STATE v. SITTINGDOWN
Discussed
 2012 OK CR 3, 269 P.3d 949, STATE v. HOOLEY
Discussed
 2013 OK CR 5, 298 P.3d 1192, STATE v. DELSO
Discussed
 2013 OK CR 7, 300 P.3d 1193, STATE v. BASS
Discussed at Length
 2015 OK CR 10, 356 P.3d 1113, STATE v. NELSON
Discussed
 2019 OK CR 26, 452 P.3d 434, STATE v. MORGAN
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 856.3, Gang-Related Offense as Condition of Membership in Criminal Street Gang - Penalty
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Discussed
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-401, Prohibited Acts A - Penalties
Cited
 63 O.S. 2-405, Prohibited Acts E- Penalties
Cited
 63 O.S. 2-415, Applicability of Act - Unlawful Acts - Violations - Penalties
Cited
 63 O.S. 2-503.1, Proceeds Derived from Illegal Drug Activity - Transactions Prohibited - Penalties for Violations
Discussed
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 450.8, Penalties for Violations
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA