STATE v. KRIGEL
2024 OK CR 27
Case Number: S-2023-877
Decided: 10/03/2024
THE STATE OF OKLAHOMA, Appellant v. JEFFREY PRICE KRIGEL, Appellee
Cite as: 2024 OK CR 27, __ __

 

 

O P I N I O N

ROWLAND, PRESIDING JUDGE:

¶1 The State of Oklahoma appeals the district court's order quashing the magistrate's Bindover Order of Count 2-Attempted Rape in the First Degree of A.M. The State filed a six count felony Information against Krigel, a Tulsa County attorney, in the District Court of Tulsa County, Case No. CF-2023-1973.21 O.S.2011, §§ 111121 O.S.2011, §§ 4221 O.S.2011, § 1111.121 O.S.Supp.2015, § 1111.1

¶2 Because the judges in Tulsa County recused in this matter, the Chief Justice of the Oklahoma Supreme Court specially assigned the Honorable Mark Campbell, Bryan County District Judge, to hear and decide all matters relating to the charges against Krigel in this case.

The evidence as to Count 2, even when viewed in the light most favorable to the State, is insufficient to support the charge of Attempted Rape in the First Degree. The State relied on an unpublished opinion from the Oklahoma Court of Criminal Appeals, regarding a case from the District Court of Tulsa County, CF-04-705, State vs. Adrian Dwane Crawford, to support their position that there was sufficient evidence for a bindover as to Count 2 in the instant case. However, the undersigned finds the published opinion of Rosteck v. State, 749 P.2d 556

¶3 The State challenges this ruling, arguing: (1) that the judge failed to consider relevant evidence and to apply the correct standard of review; and (2) that there was sufficient evidence to support the bindover on Count 2. We review the district court's ruling for an abuse of discretion. State v. Roberson, 2021 OK CR 16492 P.3d 620State v. Delso, 2013 OK CR 5298 P.3d 1192Posey v. State, 2024 OK CR 10548 P.3d 1245Delso, 2013 OK CR 5

ANALYSIS

¶4 The two propositions raised by the State involve the sufficiency of the preliminary hearing evidence supporting Count 2. The State contends that not only did Judge Campbell misapply the applicable standard of review and refuse to consider relevant evidence, but also that he erroneously found the preliminary hearing evidence insufficient based on Rosteck v. State, 1988 OK CR 11749 P.2d 556

¶5 The magistrate, after viewing the preliminary hearing evidence in the light most favorable to the State, found probable cause to believe the crime of attempted first degree rape had been committed against A.M. and that Krigel probably committed the crime. See State v. Bradley, 2018 OK CR 34434 P.3d 5

¶6 They went on a second, and final, date a week or so later. Because of his comment about adding notches to his belt, A.M. felt compelled before their second date to make clear she had no intention of anything sexual happening on their upcoming date, which she relayed via text message. Krigel brushed her off and accused her of overreacting. They met at the park across the street from Krigel's home and ultimately went to his house to watch television. In the living room, they sat side-by-side on the couch. Krigel asked if he could hold A.M.'s hand and she consented. He turned on the show Family Guy and she called it "stupid" and asked to watch something else. She said they were joking about it and suddenly he "flipped over" and straddled her. He used his forearm across her chest and shoulders to pin her to the couch. He then forcefully kissed her and groped her breasts and inner thighs over her clothes with his other hand. A.M. was terrified, shocked, and afraid he was going to rape her because of the sudden escalation. A.M. said her body went into "flight mode" and she somehow was able to twist and get out of his grip. She grabbed her belongings and sprinted out the front door to her car. She called a couple of friends and told them what had happened but did not contact the police until years later when she saw a news story about another woman accusing Krigel of rape.

¶7 Judge Campbell found the preliminary hearing evidence insufficient to prove attempted first degree rape based on our decision in Rosteck, 1988 OK CR 11749 P.2d 556. In that case, the Court quoted the legislature's definition of "attempt" in 21 O.S.1981, § 44

This Court has long interpreted this statute as requiring three elements: the intent to commit the crime; the performance of some act toward its commission (commonly called the commission of some overt act); and the failure to complete or consummate the crime. It is equally settled that the overt act must be more than mere preparation or planning the crime. It must be such act or acts as will apparently result, in the usual and natural course of events, if not hindered by extraneous causes, in the commission of the crime itself.

Rosteck, 1988 OK CR 11Rosteck did not fit the definition of attempt in Section 44 or the Court's interpretation of that section. Id. 1988 OK CR 11Id. Accordingly, we found the evidence insufficient and reversed Rosteck's conviction for attempted rape with instructions to dismiss. Id. 1988 OK CR 11

¶8 Judge Campbell's ruling indicates he found evidence of an overt act lacking for Count 2. The State maintains our unpublished opinion in Crawford v. State, Case No. F-2005-1179 (Feb. 23, 2007) (unpublished) reveals the error in the court's reasoning and shows the preliminary hearing evidence in this case sufficiently satisfied the overt act requirement for bindover. In Crawford, we rejected Crawford's sufficiency of the evidence challenge to his conviction for attempted rape. We explicitly found Crawford's case distinguishable from the facts in Rosteck. Crawford physically restrained the victim. He sat on her and "he was in the process of groping her breasts when he was induced to abruptly halt that activity due to the victim's conduct." Slip op. at 3. Both the victim and Crawford's co-defendant testified they thought a rape "was to be committed." Slip op. at 3. The Court found sufficient evidence of an overt act as it was reasonable to infer that Crawford's conduct "would have 'apparently resulted', in the usual and natural course of events, if not hindered by extraneous causes, in the commission of first degree rape." Slip. op. at 4. In other words, the evidence supported a finding that rape by force was the likely result of Crawford's conduct but for the actions of the victim.

¶9 The preliminary hearing evidence in Krigel's case is nearly identical to the evidence in Crawford. Both A.M. and the victim in Crawford believed they were about to be raped when attacked, straddled, and groped. Both managed to break free from their abusers' grip and escape. The only apparent difference between Krigel's case and Crawford is there was no co-defendant corroborating the victim's testimony that a rape was about to be committed. In Krigel's case, however, there was evidence from two other victims about unwanted sexual contact with Krigel. This evidence served as propensity evidence as well as provided evidence of intent and absence of mistake or accident. 12 O.S.2021, §§ 2404

¶10 In our view, the preliminary hearing evidence, viewed in the light most favorable to the State, supported a finding that Krigel's actions probably would have resulted, in the usual and natural course of events, in the commission of first degree rape of A.M., if not hindered by her resisting efforts. The district court misinterpreted the constraints of the overt act requirement discussed in Rosteck in evaluating the preliminary hearing evidence. For these reasons, we find the district court erred in finding insufficient evidence of Count 2 and in granting Krigel's motion to quash the charge of attempted first degree rape of A.M.

DECISION

¶11 The order of the District Court quashing Count 2 in Case No. CF-2023-1973 is REVERSED and the matter REMANDED to the district court for further proceedings not inconsistent with this decision. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE MARK CAMPBELL 
DISTRICT JUDGE

 
 
 
 APPEARANCES IN TRIAL COURT

 GAYLAND GIEGER
 ASST. ATTORNEY GENERAL
 313 N.E. 21st ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR STATE

 JORDAN DALGLEISH
 ASST. DISTRICT ATTORNEY
 FOR WAGONER COUNTY
 307 E. CHEROKEE ST.
 WAGONER, OK 74467
 COUNSEL FOR STATE

 LORI MCCONNELL
 ASSISTANT DISTRICT ATTORNEY
 400 N. BROADWAY
 SHAWNEE, OK 74801
 COUNSEL FOR STATE

 RICHARD O'CARROLL
 O'CARROLL & O'CARROLL
 2171 N. VANCOUVER
 TULSA, OK 74127
 COUNSEL FOR DEFENDANT

 JULIA D. ALLEN
 ATTORNEY AT LAW
 P.O. BOX 995
 KETCHUM, OK 74349
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 GENTNER F. DRUMMOND
 ATTORNEY GENERAL
 OF OKLAHOMA
 GAYLAND GIEGER
 DEPUTY ASSISTANTr
 ATTORNEY GENERAL
 BRANT M. ELMORE
 ASST. ATTORNEY GENERAL
 313 N.E. 21st ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLANT

 RICHARD O'CARROLL
 O'CARROLL & O'CARROLL
 2171 N. VANCOUVER
 TULSA, OK 74127

 JOE WHITE, JR.
 KATE WHITE
 WHITE & WEDDLE
 630 N.E. 63RD STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 
  
  
 
 

 

OPINION BY: ROWLAND, P.J.
MUSSEMAN, V.P.J.: Recused
LUMPKIN, J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:
(a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or
(b) when causing a particular result in an element of the crime, does anything with the purpose of causing or with the belief that it will cause such result, without further conduct on his part.